IN RE WALTHALL COUNTY TAX ANTICIPATION NOTES.

(Division A. Jan. 9, 1939.)

[185 So. 565. No. 33512.]

Bernard Callender and Hall & Hall, all of Columbia, for appellant.

Mounger & Calhoun, of Tylertown, for appellee.

Argued orally by **Bernard Callender,** for appellant.

**Griffith, J.**, delivered the opinion of the Court.

The collection of road taxes for Supervisor's District No. 2 of Walthall County having been found insufficient to maintain the public roads in that district, it was determined by the Board of Supervisors of the county and at the regular June, 1938, meeting to borrow $2000 in anticipation of taxes and to issue negotiable tax anticipation notes therefor.

The proceeds were to be used exclusively for the maintenance of the roads of said district and were to be repaid by a tax levy exclusively upon the property, real and personal, of and within that district,—not upon the county as a whole. All the proceedings of the Board, the orders, the published notice, and the form of the notes set forth in the minutes, made it clear that while the notes would be made in the name of the county, nothing would be thereby pledged beyond taxes to be levied and collected solely in and upon the property in said Second Supervisor's District of the county.

The authority relied upon for the issuance of the notes is found in Sections 251 and 252, Code 1930. We are pointed to none other. But these sections authorize such notes only when the obligation is to be not only a county-wide obligation, but is to be paid out of a county-wide levy. These sections cannot be made to fit into a plan to issue a tax anticipation note to be paid solely by a district levy, as is the case here.

This is evident for the reason that when an obligation such as this is to be paid only by the taxpayers of a particular district, they alone ex aequo et bono should have the right to protest against the issuance of such an obligation, and on an election they alone to vote for or against it; but the only provisions in the two sections of the statute in that regard are that the protests or the elections are to be of the entire county. If we were to construe the sections otherwise than as we do herein, the

result would be produced that although every elector in the district to be solely taxed to pay the obligation should protest or vote against the proposal, the remainder of the county could override those who are to pay; or, on the other hand, if every elector in the district which is alone to pay should favor the proposition and should vote solidly to support it, the remainder of the county could prevent it by mere numerical superiority. We cannot ascribe to the Legislature any such an inequitable design, and for this, as well as for other manifest reasons, we cannot amend the statute by construction to accomplish such a purpose.

The proceedings were invalid, and should have been so adjudged by the chancellor.

Reversed, and decree here for appellants.