Yazoo & M. V. R. Co. *v.* Conner, Tax Collector, *et al.*

(Division B.  April 1, 1940.)

[194 So. 915.  No. 34105.]

E. C. Craig and R. C. Beckett, both of Chicago, Ill., Burch, Minor & McKay, of Memphis, Tenn., and E. H. Ratcliff, of Natchez, for appellant.

W. A. Geisenberger, of Natchez, for appellee, Adams County.

**G. H. Brandon**, of Natchez, for appellee, Audley B. Conner, tax collector of Adams County.

Argued orally by **R. C. Beckett**, for appellant.

**McGehee, J.,** delivered the opinion of the court.

The declaration filed herein by the appellant railroad company alleges that on or before the 1st day of February, 1939, the appellant, in order to prevent the imposition of penalties and the seizure and sale of its property, paid under protest to the appellee Audley B.

Conner, as sheriff and tax collector of Adams County, the sum of $1,523.81 in ad valorem taxes, which is alleged, for reasons therein specifically set forth, to have been illegally levied and assessed. The said taxpayer seeks a recovery thereof from both the said County of Adams and the tax collector on his official bond on the ground that the said officer, after being advised that the taxes were paid under protest as aforesaid, made a distribution of said funds by paying the same over to the proper authorities. Separate demurrers interposed by the county and the tax collector were sustained, and the railroad company appeals.

The county invokes Section 3276 of the Code of 1930 as being the exclusive method of procedure for obtaining a refund of taxes paid under the circumstances set forth in the declaration, and contends that it was therefore necessary that the taxpayer should follow the method provided under said statute, as a condition precedent to its right to maintain this action against the county. This same ground of demurrer was set up by the tax collector, and he also assigned the further ground that the declaration shows on its face that, prior to the institution of this suit, he had already fully accounted to and settled with the County of Adams and the State of Mississippi for his collection of said taxes, as he was required by law to do.

The method prescribed by said Section 3276, supra, for obtaining a refund of taxes by having the Auditor of Public Accounts investigate such claims, and, if he shall find that taxes have been erroneously paid into the treasury of the state, county or levee boards, to audit the same against each separate fund in proportion to the amount paid over to such fund in each case, and submit such audit and the evidence on which the claim is based to the Attorney-General for his inspection and approval, was first adopted by the enactment of Chapter 76 of the Laws of 1900, which was brought forward in the Code of 1906 as Section 4346 thereof. There also

appears in that Code another statute, Section 311, which reads as follows: "A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

In the case of Illinois C. R. R. Company v. Attala County, 137 Miss. 408, 102 So. 265, 266, the court had under consideration the question of whether or not the remedy afforded the taxpayer by said Section 4346 of the Code of 1906, supra, for obtaining a refund of taxes illegally collected, was the exclusive method to be followed as a condition precedent to the right to sue the county, or whether the said remedy was an additional method afforded the taxpayer for such purpose, and the court said: "We are also of the opinion that it was not a condition precedent to the presentation of this claim to the board of supervisors that it first be presented to the auditor of public accounts for investigation and for submission to the Attorney-General for his inspection and approval, as provided in section 6980, Hemingway's Code (section 4346, Code of 1906). This section gives to one who has erroneously paid a tax an additional method of getting his claim first allowed by the auditor. It does not intend to prescribe an exclusive method of doing so. The only mandatory language used in the first part of this section is that which makes it the duty of the auditor to make a careful investigation. Nowhere does it make it the duty of the taxpayer to present his claim to the auditor." And, the court proceeded to hold, that, as an original proposition, the taxpayer had a right to proceed under either Section 4346 or 311, supra, of the Code of 1906. That case was decided in December, 1924. Thereafter, the said Section 4346 was amended by Chapter 196 of the Laws

of 1926, brought forward as Section 3276 of the Code of 1930, supra, so as to afford such relief to the taxpayer when the taxes are paid through error or otherwise, and whether they were "paid under protest or not," and the statute as thus re-enacted, after having been so construed by the court in the Attala County case, supra, makes it the duty of the Auditor of Public Accounts to make the investigation of any such claims for a refund "upon proper application of any such claimant." In other words, if the taxpayer now elects to invoke this statute as a means of obtaining relief, he need not have paid the taxes under protest, but it is necessary that he shall file a proper application with the Auditor in that behalf. However, Section 311 of the Code of 1906, having been brought forward as Section 253 of the Code of 1930, remains in full force and effect, thus rendering the decision in the case of Illinois C. R. R. Company v. Attala County, supra, controlling in the case at bar. The fact that the taxes may be refunded under the statute, as re-enacted by Chapter 196 of the Laws of 1926, supra, "whether paid under protest or not," and only "upon proper application of [the] claimant," did not change the fact that this remedy is merely an additional method to that afforded by Sections 311, Code of 1906, 253, Code of 1930, nor do these changes in the statute serve to make it mandatory for the taxpayer to first present his claim to the Auditor and the Attorney-General.

In the case of Schmittler v. Sunflower County, 156 Miss. 227, 126 So. 39, 40, on suggestion of error, the court discussed the said Chapter 196 of the Laws of 1926, brought forward as Section 3276 as aforesaid, and held that the effect thereof was to render it unnecessary that the tax payment be made under protest to authorize such refunds, that is, refunds made upon, and as a result of, an audit and certificate of the Auditor of Public Accounts approved by the Attorney-General; and further held that this provision of the statute has

no application to direct suits against the county for taxes erroneously paid into the county treasury. In the course of its opinion, the court said: "If, since the enactment of chapter 196, Laws of 1926 . . . , a suit can be maintained against the county for a refund of taxes erroneously paid, which we do not decide, it can only be maintained upon a showing that the payment was involuntary." In other words, the precise question decided by the court in that case was that if a suit can be maintained directly against a county for a refund of taxes erroneously paid since the enactment of the statute above mentioned, the same could be maintained only upon a showing that the payment was involuntary. We now hold that in such case of involuntary payment, a direct suit against a county for such refund may be maintained without first resorting to the remedy afforded by said statute. The declaration alleges that the taxes in the instant case were paid under protest, and hence it follows that the demurrer of the county should have been overruled.

However, the second ground of demurrer assigned by the appellee tax collector was well taken. Having received the tax money in question under an assessment and levy against the property of the appellant, even though the same was paid to him under protest as alleged, it was his plain duty under the positive mandates of Sections 3289, and 3292 to 3297, inclusive, and also Section 1078, of the Code of 1930, to pay over the same to the proper authorities on the first day of the month immediately following such collection, or within twenty days thereafter, under the penalty of being subject to suspension from office by the Governor, and the payment of thirty per cent per annum damages, et cetera. The requirements of these statutes contain no exception as to taxes paid under protest, but are applicable to all taxes coming into the hands of the tax collector by virtue of his office. This being true, it does not accord with right and justice that a sheriff and

tax collector who has paid over funds under such circumstances, as expressly required by law, should be further liable for the refund thereof to the taxpayer; and in the absence of any statute imposing such liability, we decline to so hold.

It is true that in the case of Matthews et al. v. Rodgers et al., 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447, 448, where the taxpayer sought injunctive relief in the federal court against the collection of a state tax as being imposed in violation of the Constitution of the United States, the court seems to have held that the relief should be denied on the ground that the taxpayer had an adequate remedy by suit at law against the local tax collector by first paying the tax to him under protest and then suing for its recovery, and the court based its decision on that point upon the authority of Coulson v. Harris, 43 Miss. 728; Tuttle v. Everett, 51 Miss. 27, 24 Am. Rep. 622; Vicksburg v. Butler, 56 Miss. 72; and Pearl River County v. Lacey Lbr. Company, 124 Miss. 85, 86 So. 755; but, we are of the opinion that, even though it was correctly held that the taxpayer was not entitled to the injunctive relief prayed for in the case of Matthews v. Rodgers, supra, the foregoing decisions of this court cited in the opinion do not sustain the proposition that a tax collector in Mississippi would be liable to the taxpayer where he has already paid over the funds to the proper authorities under the positive mandates of our statutes hereinbefore cited in that behalf. In Coulson v. Harris, supra, the bill alleged that the tax collector had demanded money in excess of the amount of taxes levied and assessed. A demurrer to the bill for injunctive relief was sustained by the trial court, and it was contended on appeal that the injunction should have been perpetuated at least to the extent of the amount demanded by the collector in excess of the levy and assessment. That case is not applicable on the point now under discussion for the further reason that the taxes then in controversy had

not been paid to the tax collector. He had only demanded payment. In the case of Tuttle v. Everett, supra, it was expressly decided that an illegal tax may be recovered from the tax collector to whom it has been paid, unless he has paid it over to his superiors, in which event suit must be brought against the authority to whom the tax has been paid by the collector. In that case, it so happened that the money was still in the hands of the tax collector, and the court held that "where the assessment and levy of the tax is illegal and void, the tax paid to the collector may be recovered back by the taxpayer from the tax collector, whilst the same remains in his hands." In the case of City of Vicksburg v. Butler, supra, the principal question discussed and decided was whether the payment to the city tax collector was voluntary or involuntary, and the court said "that principle disposes of this case." It was held that the payment in that instance was involuntary, and the court said that "some of the cases refer to a notice to the collector that suit will be brought to recover the money back. That notice is necessary, if the payer intends to sue the collector." The declaration in the case at bar alleges that the sheriff and tax collector was advised that the payment was being made under protest, but it is not alleged that he was notified that a suit would be brought against him for its recovery. The court in that case further held that after its receipt (meaning the notice that suit would be brought to recover the money) if he pays it over to the proper treasury, he does so at his risk, and does not relieve himself from responsibility. Further, that if he pays over the money without such notice, suit can only be brought against his principal—in that case, the City of Vicksburg. In view of the fact that the collector in that instance was a city tax collector, against whom the mandates and penalties of the statutes hereinbefore cited governing the duties of a sheriff and tax collector of a county were not then applicable,

and the further fact that what was said by the court in that case applied only when the collector had been given notice while the money was still in his hands that a suit would be brought for its recovery, we are unable to agree that we are bound by that decision in this case. It is not decisive of the question here involved. Moreover, that case was decided during the year 1878 when the highly penal provisions of our present statutes governing the duty of a sheriff and tax collector of a county to promptly pay over all taxes collected by him were not in force.

Then too, if a tax collector should be held to act at his own peril in paying over to the proper authorities all taxes paid to him under protest, and be required to withhold the same at the will of the taxpayer, a situation could frequently arise where such payments would become sufficient in number and amounts to seriously interfere with the proper and orderly functions of governmental subdivisions, pending the determination of the legality of the levies and assessments under which the same may have been collected without regard to the merit of such claims. Aside from this consideration, however, such collector should not be required to incur the risk of being suspended from office or subjected to other penalties provided by law for failure to promptly pay taxes into the proper treasuries when collected; and this is especially true since the taxpayer has adequate remedy against the county receiving the same, if the levy and assessment thereof should be declared illegal.

It follows from the foregoing views that the demurrer of the sheriff and tax collector should have been sustained, and that of the county overruled.

Affirmed in part; reversed in part; and remanded.