ILLINOIS CENT. R. Co. *v.* CARROLL COUNTY *et al.*

(Division B. May 27, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 242. No. 34085.]

Denman & Everett, of Greenwood, for appellant.

**S. E. Turner** and **T. O. Yewell**, both of Carrollton, for appellees.

Argued orally by **Richard Denman** for appellant and by **S. E. Turner**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

This is an appeal from the Circuit Court of Carroll county from a judgment denying to appellant the right to recover taxes paid under protest. The Board of Supervisors of Carroll county, acting under the provisions of chapter 174, Laws of 1914, by an order entered on its minutes created five separate road districts, the boundaries of which coincide with the boundaries of the supervisors' districts of the county. By order of the Board the ad valorem taxes paid in each district were restricted to the use of that district, the Board of Supervisors using for general county purposes only those taxes derived from the sale of gasoline and automobile licenses.

The Board of Supervisors undertook to issue notes in anticipation of taxes against the lands in district 5 of the county, to raise funds for use in connection with the WPA project for the construction of a modern highway therein. In giving notice of their purpose to issue such

notes, they stated that they were acting under sections 251 and 252 of the Code of 1930. Publication of notice to that effect was made in accordance with the requirements of those sections, and no protest was filed against the issuance of such notes in anticipation of taxes, which were then issued and sold, and the highway was constructed. Thereafter, taxes were levied against the lands in the said supervisors' district, to pay off the tax anticipation notes, and interest thereon.

The appellant paid this and other taxes under protest, and presented his claim to the Board of Supervisors for a refund, on the ground that the taxes were not authorized, which claim was denied by the Board, and suit was brought for refund of the taxes so paid. Numerous objections were filed to the validity of the various taxes so levied, and the only question presented for our consideration is the right of the Board of Supervisors to borrow money in anticipation of taxes in a supervisors' district, instead of for the county as a whole; and the applicability of sections 251 and 252, Code of 1930, to that purpose; also, the effect that the act of the legislature, chapter 196, Laws of 1932, has upon the above; and the effect of chapter 174, Laws of 1914, authorizing the appointment of three road commissioners and a road superintendent for each separate district.

In Carroll county the Board of Supervisors did not have road commissioners, acting themselves in that capacity in their respective districts. Section 15, chapter 174, Laws of 1914, provides for loans to be made in such districts through the road commissioners, with the consent of the Board of Supervisors.

It is contended by the appellant that the case In re Walthall County Tax Anticipation Notes, 184 Miss. 572, 185 So. 565, controls the question here involved. It was there held that sections 251 and 252 could not be made applicable to the supervisors' district, but only applied to issuance of tax anticipation notes for county-wide purposes. That case seems to cover the situation here as to

the authority of the Board to issue such notes for the supervisors' district here involved.

The notice to the taxpayers stated that the Board was acting under sections 251 and 252 of the Code, and under no other section. Insofar as the provisions of section 15, chapter 174, Laws of 1914, are concerned, that section seems to require the concurring judgment of the road commissioners and the Board of Supervisors as to the proprieties and necessities in connection with the issuance of indebtedness against the road district. The jurisdiction of the Board of Supervisors in connection with the issuance of notes against the county or its subdivisions is subject to legislative regulation, and where the statute requires the consent of both the road commissioners and the Board of Supervisors, the latter alone could not issue the notes or incur the debt. However, the notice given in this case did not advise the taxpayers of district 5 of their purpose to issue notes or incur debts under section 15, chapter 174, Laws of 1914, and the provisions of that section do not validate what was done in the way of issuing anticipation notes in the present case. It seems to have been a legislative oversight in failing to apply the provisions of sections 251 and 252 of the Code to districts, if it were the intent and purpose of the legislature to include district debts in anticipation of taxes. Perhaps the legislature did not intend to give such authority. At all events, we are unable to supply the omission.

It follows from the decision in the Walthall County Tax Anticipation Notes case, 184 Miss. 572, 185 So. 565, that the issuance of the notes in anticipation of taxes is without authority of law, and the taxes should have been refunded. It is not a question of whether there were irregularities in the proceedings in issuing the bonds or tax anticipation notes, but a want of authority to do so, and failure of the taxpayers to protest does not cure this.

The judgment will be affirmed in all respects, except as to the issuance of these notes in anticipation of taxes

for road construction, as to which it is reversed, and judgment rendered here for refund of the taxes, with interest thereon from the date of payment.

Affirmed in part, and reversed in part.