Yazoo & M. V. R. Co. *v.* Harvey, Sheriff, *et al.*

(Division A.   June 3, 1940.)

[196 So. 512.   No. 34192.]

**A. S. Coody, Jr.**, of Jackson, and **E. H. Ratcliff**, of Natchez, for appellant.

**J. T. Lowrey,** of Gloster, for appellees.

Argued orally by **E. H. Ratcliff**, and **A. S. Coody, Jr.**, for appellant, and by **J. T. Lowrey**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

This is an action by the appellant on the bond of the sheriff of Amite County, and also against the county, to recover taxes paid by it to the sheriff under protest. A demurrer to the declaration was overruled, and the appellant declining to plead further, the action was dismissed. The appellant, in accordance with Yazoo & M. V. R. Co. v. Conner, Sheriff and Tax Collector (Miss.), 194 So. 915, has abandoned its action on the sheriff's bond, and asks for the reversal of the judgment of the court below against the county only. It appears by implication from the declaration that Amite County is divided into separate road districts, whether co-terminous with the supervisor's districts does not appear. The appellant owns property in Districts Nos. 2 and 3. The taxes paid under protest were collected under a 1½-mill levy on property in District No. 2 and a 2-mill levy on property in District No. 3, both made by the Board of Supervisors of the county. The order or orders levying the taxes do not appear, but the declaration alleges that the levies were made for the purpose of obtaining funds to pay off outstanding loan warrants issued by the two districts. The validity of these warrants is not challenged. The only question discussed by counsel, and to which this opinion will be limited, is whether any statute authorizes boards of supervisors "to levy a tax on the property of a supervisor's district only and not on the property of the entire county for the special purpose of paying such warrants." Section 6443, Code of 1930, authorizes separate road districts to borrow money and issue loan warrants therefor, and requires a provision to "be made at

the time of making said loans for the payment thereof at maturity out of the roads funds for said district." Section 3 of Chapter 104, Laws of 1932, authorizes boards of supervisors to "impose a county-wide levy or levies for the maintenance and/or construction of roads and bridges not to exceed seven mills in any one year; and if the county-wide levy or levies is less than seven mills, there may be a levy for any supervisor's district or road district, provided that the levy for any such supervisor's district or road district when added to the county-wide levy or levies shall in no event exceed seven mills." The taxes collected in a district under a special levy therefor pursuant to this statute become a part of the road funds of the district out of which Section 6443 provides that the district's loan warrants are to be paid; that the tax here was levied for the purpose of paying outstanding loan warrants neither adds to nor detracts from the power of the board of supervisors to levy it. The only limitation imposed by the statute on the power to levy the tax is that the levy for the district "when added to the county-wide levy or levies shall in no event exceed seven mills," and the declaration contains no averment of such an excess here.

In re Walthall County Tax Anticipation Notes, 184 Miss. 572, 185 So. 565, and Illinois Central R. Co. v. Carroll County (Miss.), 196 So. 242, decided May 27, 1940, not yet reported [in State Reports], deal with entirely different statutes and have no application here.

Affirmed.