SMITH *v.* CITY OF WINONA.

No. 39356 November 22, 1954 75 So. 2d 903

319

*J. W. Conger,* Winona; *L. Barrett Jones,* Jackson, for appellant.

*Robertson Horton,* Winona, for appellee.

Hall, J.

On May 4, 1948, the City of Winona, by order entered on the minutes of its board of mayor and aldermen, entered into a contract with Leland S. Smith, a certified public accountant, to make an audit of the books of Montgomery County to determine what amount, if any, was due the City from the County, and agreed to pay him a fee of 20 percent of any amount collected from the County for the City as a result of said audit. Appellee proceeded to make an audit and determined that

$2,930.86 was due the City for the year 1947 as its one-half of ad valorem taxes collected by the County for that year for road purposes on the property subject to ad valorem taxes situated within the limits of the City pursuant to Section 8367, Code of 1942. On March 7, 1949, Smith filed a claim with the clerk of the board of supervisors for allowance of this amount, and on March 10, 1949, the board of supervisors, after some adjustments in the audit made by Smith, allowed and paid to the City the sum of $2,678.25. The City thereafter refused to pay Smith his 20 percent commission on the amount collected and he brought suit for same against the City in the Circuit Court. At the conclusion of the evidence offered by Smith, the lower court granted a peremptory instruction to the City and dismissed Smith's suit, from which action he appeals.

 The chancery clerk testified that ordinarily the sheriff was due to file his final report of the 1947 tax collections by October 1, 1948. The circuit judge took the view that nothing was due the City until the final report was made and that consequently the contract of employment between the City and Smith entered into on May 4, 1948, was made in advance of the time when anything was due and that therefore Smith was not entitled to recover. We do not agree with the learned circuit judge in his idea that the County owes nothing to the City until after the sheriff's final report is filed with the board of supervisors. As a matter of fact, conceding that the sheriff's final report was not due until October 1, 1948, it is undisputed that he did not file his final report until March 1949. The only excuse given is that during the month of October 1948 the sheriff was unusually busy collecting the road and bridge tax in the sale of automobile tags. Section 9993, Code of 1942, provides that the tax collector shall make reports in writing, verified by his affidavit, on the first day of each month or within 20 days thereafter to the Auditor of Public Accounts and to the board of supervisors of all

taxes collected by him during the preceding month for the state, levee and county respectively. And Section 9994, Code of 1942, requires that the tax collector's final report and settlement for the taxes of any fiscal year shall be made on, or within 15 days after, the first day of November next thereafter. Section 2311, Code of 1942, provides that any tax collector who shall willfully fail or refuse for 10 days after the time appointed by law for any monthly payment or final settlement, to make the same, shall be guilty of a misdemeanor, and on conviction, he shall be removed from office and fined not exceeding $1,000.00. We take judicial notice of the fact that all ad valorem taxes are due and practically all of them are paid on or before February 1st, and if the sheriff performed his duty as required by the statute, then the County had in hand nearly all of the road and bridge funds for the year 1947 more than a year before the board of supervisors made the payment to the City in this case and the County was certainly in default with the City to the extent of nearly all of the payment here in question when the auditor was employed.

In the case of Yazoo & M. V. R. Co. v. Conner, 188 Miss. 352, 194 So. 915, we had occasion to discuss some of the statutes above mentioned and in that case we emphasized that a tax collector should promptly make his monthly settlement with the County so as not to seriously interfere with the proper and orderly functions of governmental subdivisions. It is just as essential that a municipality shall not be hampered in the maintenance of its streets as it is that the County should not be hampered in the maintenance of its roads and bridges. When the contract here in question was entered into the County was indebted to the City for its share of the road and bridge taxes collected on property within the municipality and the contract between the

City and appellant was not premature so as to render it void. The judgment appealed from will therefore be reversed and the cause remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie, JJ.,* concur.