### E. RICHARDSON et al. v. H. P. SCOTT et al.

1. EQUITY—JURISDICTION TO ENJOIN TAX COLLECTOR.—If remedy at law against a tax-collector for collecting an illegal tax, or for collecting any tax in an illegal manner, be rendered impossible or incomplete by reason of any special fact in the case—as for example the insolvency of the tax-collector—an injunction lies to restrain him.

APPEAL from the chancery court of Issaquena county. HILL, Chancellor.

The opinion of the court sufficiently states the facts of the case, as appears from the bill of complaint.

*A. H. Handy,* for appellants.

1. The claim, the taxes for the payment of which complainants seek to enjoin, was barred by the limitation prescribed by the first section of the act of 1860, ch. 340. After that period, no tax was assessable for levee purposes except such as was afterwards provided by the act of 1867, ch. 173, sec. 5, p. 241. And under that act the claim was barred by non-presentation according to its requirement. The act of 1870 revived this claim, which was extinguished by operation of law; and this was beyond the power of the legislature. The defense of limitation was a vested right and as effectual as payment, and wholly beyond the power of legislation. Davis

v. Minor, 1 How. (Miss.) 183, 189; Leffingwell v. Warren, 2 Black (U. S.) 605; Cooley on Const. Lim. (2d ed.) 365.

2. The act of 1870 is unconstitutional and void, because it is an adjudication of a controverted demand, alleged by the appellants to be invalid on its merits, and illegal; a final determination as to the due performance of the work by Meath, and as to the liability of the appellants, without notice, without an opportunity to the appellants to disprove the claim, an *ex parte* edict for its payment and a legislative award of execution. The legislative and judicial departments of the government are, by the constitution, separate and distinct in their powers. The legislative power is confined by the constitution to making laws. The decision of controverted questions is confided exclusively to the judiciary by the constitution; and both by the prohibition of the constitution, and the inherent unfitness of the legislature to determine controverted questions of individual rights, their assumption of power to decide them is void.

The constitution declares that "no person shall be deprived of life, liberty or property but by due course of law. By "due course of law" it means provisions of law applicable generally to a class of cases, or making general provisions for such cases, in contradistinction to laws affecting a mere private or individual right of one person, or of several involved in the same transaction, whose rights have become fixed under previous laws. Potter's Dwarris on Stat. 469. Therefore, a special act of the legislature affecting and concluding individual rights in a particular matter of controversy is void. Cooley on Const. Lim. 391-392. And where the legislature assumes to exercise the power of inquiry into facts, and to determine by legislation rights between parties adversely claiming interests in particular cases— as between debtor and creditor, or to authorize the sale of real estate to satisfy demands against a party that

have not been judicially determined—the act is void. Potter's Dwarris on Stat. 490 ; Lane v. Dorman, 3 Scam. 242; Ervine's Appeal, 16 Penn. St. Rep. 256, 258. The legislature is not competent to ascertain and adjudicate upon facts in individual cases. Elmendorf v. Carmichael, 4 Litt. 472, 478; 8 Mich. 301; Cooley on Const. Lim. 369, note 3, 370, note 1.

3. Besides, the claim had been brought into judgment and adjudged to be invalid, and its enforcement enjoined. It is settled that the legislature has no power to set aside judgments or to grant new trials. Cooley on Const. Lim. 95–96, note 1; 5 Pick. 64; 11 Mass. 396; 2 Aik. 284. But this act goes much further. The decree, in a regular suit, against the claim is not only virtually set aside and treated as nought, but the claim is finally decreed to be paid, its merits forejudged *ex parte*, and all opportunity of defense concluded.

The decree thus annulled was upon the merits of the claim. In defiance of this decree, this legislative act, without notice or opportunity of defense to the other parties, set aside the decree, pronounced the claim valid, and ordered execution of the edict.

4. The act is void, because it impairs the obligation of the contract between Meath and the levee commissioners, so far as they were to derive from the contract. By that contract the levee commissioners representing the tax-payers were bound to pay, upon the performance of work by Meath, in accordance with the law authorizing the enterprise. The obligations were mutual and reciprocal,—performance on his part, and thereupon payment on their part. They had the right under the contract to require performance on his part according to the law regulating the transaction, as a condition of liability on their part, and the right of defense against liability pertains essentially to the obligations of the contract, and stands upon as high and sacred ground of inviolability as the right of benefit of the contract to

the claimant; and it is as much within the reason of the constitution, and as well supported by principles of natural justice. The rights of both contracting parties stand on the same ground.

The "obligation of a contract" is the law which binds the parties to perform their agreement. McCracken v. Haywood, 2 How. 612; Cooley on Cons. Lim. 285. It consists of the right and duties of both parties, and any legislative act which purports to change or materially interfere with these mutual obligations and benefits, impairs the obligations of the contract. Ib.; Potter's Dwarris on Stat. 477.

5. In cases merely doubtful, the court will not pronounce an act of the Legislature unconstitutional and void. But when the act is clearly repugnant to the provisions of the constitution intended to protect the rights of the citizen, and especially when it invades the clearly defined powers of a co-ordinate department of the government, it is the duty of the court to declare it void. Cooley on Const. Lim. 159, 160; 40 Miss. 38.

6. The objection to the bill, that its object was to enjoin the collection of taxes is untenable.

Conceding the correctness of the rule in Coulson v. Harris, 43 Miss. 728; U. S. in Dows v. City of Chicago, 11 Wall. 108, that generally equity will not grant relief against the collection of taxes illegally assessed, because there is an adequate remedy at law; yet it is there settled that equity has jurisdiction when the injury, by the illegal collection, will be irreparable. And this case is fully within that rule.

The amendment to the bill shows that the tax collector had given no bond for the collection of levee taxes, as he was required to do by the acts 1858, ch. 1, sec. 4, and 1867, ch. 173, sec. 4. Such bond is distinct from his bond as sheriff or collector of county taxes generally. Without this bond, he would have no authority to collect taxes for levee purposes.

The bill also shows that the collector who was proceeding to collect the taxes enjoined, is insolvent. Hence the appellants are without remedy at law for the illegal collection, and the injury will, therefore, be irreparable.

This gives jurisdiction in equity, according to the rules held in Coulson v. Harris. And this rule has been followed by the court in several subsequent cases.

In the same case, the court holds that the prevention of multiplicity of suits will be good ground of equity interposition; a consideration strongly applicable to the tax-payers here involved, who are shown by the bill to number many hundreds of citizens.

7. The objection, that the complainants are several distinct tax payers, having no common interest, is without force. 1 Daniel Ch. Pr. 351, and cases cited in note 3. Powell v. Earl Powis, 1 Younge & Jer. 159—a strongly opposite case. And the rule is, that where there is a common liability in the defendants, and a common interest in the plaintiffs, even different claims to property may be united in the same suit. Story Eq. Pl. §§ 533, 279 *a*, §§ 120–121. And hence several distinct judgment creditors may join in one bill to set aside a conveyance fraudulent as to creditors. 6 John. Ch. 150; Story Eq. Pl., § 537 *a*, 539; 14 Conn. 529; 6 John. 151; 2 Story Eq. Jur., §§ 928; 4 Paige, 515, and by this court in Coulson v. Harris, *supra.*

*Nugent & Yerger*, for appellees.
Made an oral argument.

*A. H. Handy*, in reply.

The objection, that the decree in chancery set forth in the bill enjoining the enforcement of the order of the board of police of 1869 for the payment of Meath's claim is invalid because that bill was multifarious, is untenable. No objection on that ground was made to

that bill, and the record here shows that the defendants appeared and pleaded to it.

This was a waiver of all objection on that ground. 1 Daniel Ch. Pr. 3524 and cases in note 2; 30 Barb. 125; 32 N. H. 9; 9 Gill & Johns. 281; 10 ib. 480. There was, therefore, no want of jurisdiction in that case.

TARBELL, J.:

This is a proceeding in equity to enjoin the collection of taxes for levee purposes in the county of Issaquena. The tax sought to be enjoined was levied to pay a claim of Patrick G. Meath for work upon the levee of the Mississippi river within the said county. The board of supervisors of that county, in obedience to an act of the legislature of this state, approved Dec. 7, 1870, having ordered the levy and collection of a sum sufficient to pay the said claim, the injunction in this case was sued out. The bill sets forth a variety of grounds for the writ, among which are, the invalidity and illegality of the claim of said Meath, the bar of the statute of limitations, a special bar by the levee laws, a prior adjudication in equity and a perpetual injunction, whereby the claim in question was adjudged illegal and void, and its collection forever enjoined, and the unconstitutionality of the act of the legislature above referred to. There is also in the bill this averment, to wit: "That the said Henry P. Scott has never given any bond for the collection of said tax, other than his official bond as tax collector of said county, and that said Scott owns no property in said county subject to execution except one horse and some small articles of personal property of no value to any one except himself, and that he is insolvent and cannot respond in damages to your complainants for the trespasses about to be committed by him in attempting to collect said tax, or for collecting the same unlawfully."

The legislative enactment above referred to is, in substance, as follows:

Section 1. The legislature directs and requires the board of supervisors of Issaquena county to provide for the payment of the claim in controversy.

Section 2 directs the levy of a special *ad valorem* tax sufficient to pay the claim, with interest, and all costs and expenses of collection and disbursement, and that the sheriff and tax collector shall collect the said tax.

Section 3 is as follows:   " Be it further enacted, that the said board of supervisors shall fix the amount of additional bonds and approve the surety or sureties therein to be given respectively by the assessor, tax collector, and treasurer of said county, which shall be given by each of them for the faithful performance of their respective duties under this act."

In Coulson v. Harris, 43 Miss., this doctrine is stated: " If there is anything special in the case, anything which renders the remedy at law impossible or incomplete, as for example, when the trespasser is insolvent, *   *   *   in such case chancery will put forth its restraining hand, and compel the wrong-doer to desist."

We are of the opinion that the foregoing rule correctly sets forth one of the true grounds of equity jurisdiction, and that it is applicable to and shall govern the case at bar, as it is presented in the record.   It should be added, that to the bill there was a demurrer, which was sustained, and the bill dismissed.   From that decree the complainants appealed to this court.   Upon the allegation of the insolvency of the tax collector and the want of any bond for the faithful collection and payment of the tax in question, his case is brought within the doctrine of Coulson v. Harris, *supra*, as to equity jurisdiction.   The chancellor ought, therefore, to have entertained the bill in this case, and disposed of the questions involved upon their merits.

The decree dismissing the bill and dissolving the injunction, is, for the reasons set forth, reversed, and the cause remanded, with leave to the defendants to answer within sixty days from this date.