Oct. T. 1875.]  TUTTLE, Jr., vs. EVERETT.  27

Opinion of the court.

L. TUTTLE, Jr., vs. T. C. EVERETT.

1. TAXES: *Voluntary payment.*
    When a corporation levies an illegal tax, and the citizen pays it to one who has a formal authority to collect it, such payment is not voluntary but compulsive, and may be recovered from the tax collector, unless he has paid it over to his superiors, in which event suit must be brought against the corporation.

2. SAME: *Void assessment.*
    If an assessment of taxes be made in violation of law, it is a void act, and the collector in enforcing its collection is a trespasser.

ERROR to the Circuit Court of *Carroll* County.

Hon. H. O. DAVIS, Judge.

Defendant in error brought suit in the justice's court against plaintiff in error as tax collector of Carroll county to recover $73.37, the amount of taxes by him illegally paid. The justice gave judgment for plaintiff in his court, and the defendant took an appeal to the circuit court, where a trial was had, with a like result, and the case comes to this court on writ of error.

*Harris & George*, for plaintiff in error.

*D. A. Holman*, for defendant in error.

[Reporters find no briefs on file in either case.]

PEYTON, C. J., delivered the opinion of the court.

This was a suit brought by the defendant in error against the plaintiff in error, to recover the sum of $73.37, paid by the said T. C. Everett as taxes to the said L. Tuttle as tax collector of Carroll county.

It is insisted on the part of the plaintiff in error that the taxes were voluntarily paid, and for that reason cannot be recovered back from the tax collector. This would a be correct legal proposition, where the property is properly taxable, and there was a mere irregularity in the levy or collection of the tax. But where the assessment and levy of the tax is illegal and void, the tax paid to the collector may be recovered back by the tax payer from the

tax collector, whilst the same remains in his hands. This is in accordance with reason, principle and authority. Blackwell in his valuable work on Tax Titles says : " Where a county or other local corporation levy a tax which is illegal, and the citizen pays the tax to one who has a formal authority to collect it, the payment is not voluntary but compulsive, and an action will lie against the collector to recover it back, unless he has paid it over to his superiors, in which event the action must be brought against the corporation." Blackwell, 187, top page, 4th ed.

The case of Hawkins et al. *v.* The Board of Supervisors of Carroll County, 50 Miss., 735, shows that the assessment and levy of the tax was unauthorized by law, and was therefore null and void. If the assessment be made in violation of law, it is a void act, the collector, in enforcing its collection, is trespasser. Blackw. on Tax Titles, 156 star page. And this doctrine is maintained in the case of Coulson *v.* Harris, 43 Miss., 751.

In the case under consideration the tax was illegally collected by the plaintiff in error, under color of authority from the defendant in error, the tax payer, who properly recovered a judgment for the same in the court below.

The railroad is not entitled to the money in controversy, neither is the tax collector entitled to it, it must, therefore, belong to him from whom it was illegally collected.

We think the judgment is right, and ought to be affirmed.

Judgment is affirmed.