TAYLOR, STATE TREASURER v. GUY, SHERIFF. ·

[80 South. 786, Division A.]

REFUND BY STATE. *Appropriations. Contributions. Statutes.*
Section 4348, Code 1906 (Hemingway's Code, section 6982), providing for a refund of money paid into the state treasury by mistake, does not violate sections 63 or 64 of the Constitution of 1890, since the statute makes no appropriation within the meaning of these sections of the Constitutions, but simply regulates the manner in which the treasurer shall refund to a tax collector money erroneously paid by him into the treasury, and which in fact, is not properly a part of the state funds.

APPEAL from the circuit court of Hinds county. HON. W. H. POTTER, Judge.

Mandamus by D. W. Guy, Sheriff, to enforce the payment by J. P. Taylor, State Treasurer, of a warrant

issued to him.  From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

Earle N. Floyd, Assistant Attorney General., for appellant.

*Wells, May & Sanders* and *R. H. & J. H. Thompson,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is a mandamus proceeding, in which the appellee seeks to enforce the payment by the state treasurer of a warrant issued to him under the provisions of section 4348, Code of 1906 (section 6982, Hemingway's Code), which provides for the refund of money paid into the state treasury by mistake.  The only ground upon which it is sought by counsel for the appellant to obtain a reversal of the decree rendered in the court below is that the statute under which this warrant was issued violates section 63 of the Constitution of 1890, which provides that:

"No appropriation bill shall be passed by the legislature which does not fix definitely a maximum sum thereby authorized to be drawn from the treasury."

And also section 64 thereof, which provides that:

"No bill passed after the adoption of this Constitution to make appropriations of money out of the state treasury shall continue in force more than six months after the meeting of the legislature at its next regular session; nor shall such bill be passed except by the votes of a majority of all the members elected to each house of the legislature."

This statute makes no appropriation within the meaning of these sections of the Constitution, but simply regulates the manner in which the treasurer shall refund to a tax collector money erroneously paid by him

into the treasury, and which in fact is not properly a part of the state's funds; so that the cases of which *State* v. *Cole*, 81 Miss. 174, 32 So. 314, is a type, are not here in point.

*Affirmed*