MATTHEWS ET AL. *v.* RODGERS ET AL.

No. 84: Argued December 1, 2, 1931. Reargued January 11, 1932.—Decided February 15, 1932.

522

*Mr. J. A. Lauderdale,* Assistant Attorney General of Mississippi, with whom *Mr. George T. Mitchell,* Attorney General, was on the brief, for appellants.

*Messrs. Edward W. Smith* and *Sam C. Cook,* with whom *Mr. J. W. Cutrer* was on the brief, for appellees.

Mr. Justice Stone delivered the opinion of the Court.

This is an appeal, §§ 238, 266 of the Judicial Code, from a decree of a District Court of three judges, for the Northern District of Mississippi, enjoining the collection from the several appellees of a state tax, as an unconstitutional burden on interstate commerce. After argument here on

the merits, the cause was restored to the docket " for reargument, limited to the question of the jurisdiction of the District Court both with respect to the amount involved in the suit and the jurisdiction of the court as a court of equity." Reargument has been had accordingly.

The bill of complaint assails the constitutionality of § 56, c. 88, 1930 Laws of Mississippi, as applied to appellees. The section imposes an annual license or " privilege " tax of $100, payable in advance by " every person engaged in the business of buying or selling cotton for himself." It also requires employers engaged in the business of buying or selling cotton to pay a similar " tax of twenty-five dollars ($25) for every employe engaged in their business as buyer or seller." Penalties are imposed in double the amount of the tax for its nonpayment. § 225. Failure to make application for the license, or engaging in the business without having procured the license or paid the tax, are misdemeanors, punishable by fine not exceeding $500 or imprisonment not exceeding six months, or both. § 242.

The bill, which is in the form of a class bill, filed by the numerous appellees for the benefit of themselves and others similarly situated, alleges that they are engaged in interstate and foreign commerce, in the course of which they purchase cotton within the state and sell and ship it in interstate or foreign commerce to purchasers outside the state; that the business of each of the several appellees and the right to conduct it is of a value of more than $3,000, the jurisdictional amount for suits brought in a district court of the United States; that the tax imposed by the state statute is, as to them, an unconstitutional burden on interstate commerce, and that appellants, state officers, charged with the duty of collecting the tax, threaten to enforce its collection by criminal proceedings and the imposition of penalties. The bill states that resort to equity to prevent collection of the tax is either

necessary or authorized for the following, among other, reasons:

. (1) That the enforcement of the unconstitutional statute would irreparably injure or destroy the business of each of the appellees.

(2) That the taxes, if paid, can not be recovered by any action or proceeding at law.

(3) That § 304 of Hemingway's Annotated Mississippi Code of 1927, has conferred on the appellees the right to proceed in equity in the state courts to enjoin the collection of an unconstitutional tax, and that that remedy is available in the federal district court.

(4) That resort to equity is necessary in order to avoid a multiplicity of separate suits by the appellees and others similarly situated, three hundred in all, to enjoin collection of the tax, or otherwise necessary in order to recover it if paid or to prevent successive prosecutions for the violation of the act, in all of which suits or proceedings the issue of the constitutionality of the tax would be substantially the same.

The right of appellees, if any, to maintain the present suit, is conferred by § 24 of the Judicial Code, 28 U. S. C. § 41 (1), which, regardless of the citizenship of the parties to the suit, vests in district courts of the United States jurisdiction over suits at law or in equity " arising under the Constitution or laws of the United States," where the matter in controversy exceeds $3,000. Although the present suit arises under the Constitution of the United States, see *Davis* v. *Wallace,* 257 U. S. 478, and it be assumed, without deciding, that the jurisdictional amount is involved, the suit cannot be maintained if not within the equity jurisdiction of the district court. The want of equity jurisdiction, if obvious, may and should be objected to by the court of its own motion. *Twist* v. *Prairie Oil Co.,* 274 U. S. 684, 690. In other cases, this jurisdictional requirement, unlike the others men-

tioned, may be treated as waived if the objection is not presented by the defendant *in limine. Duignan* v. *United States,* 274 U. S. 195, 199; *Singer Sewing Machine Co.* v. *Benedict,* 229 U. S. 481, 484; *Thompson* v. *Railroad Companies,* 6 Wall. 134; compare *Matson Navigation Co.* v. *United States, ante,* p. 352; *Hilton* v. *Dickinson,* 108 U. S. 165, 168; *Grace* v. *American Central Ins. Co.,* 109 U. S. 278, 283–284; *Börs* v. *Preston,* 111 U. S. 252, 255. Here, the objection to the equity. jurisdiction of the district court was properly raised by appellants' motion to dismiss the bill, and is preserved by their assignments of error in this Court.

Section 16 of the Judiciary Act of 1789, 1 Stat. 82, perpetuated without material change as Rev. Stat. 723, 28 U. S. C. § 384, Jud. Code § 267, declares that suits in equity shall not be sustained in the courts of the United States " in any case where plain, adequate and complete remedy may be had at law." The effect of this section, which was but declaratory of the rule in equity, established long before its adoption, is to emphasize the rule and to forbid in terms recourse to the extraordinary remedies of equity where the right asserted may be fully protected at law. See *Deweese* v. *Reinhard,* 165 U. S. 386, 389; *New York Guaranty Co.* v. *Memphis Water Co.,* 107 U. S. 205, 214.

The reason for this guiding principle is of peculiar force in cases where the suit, like the present one, is brought to enjoin the collection of a state tax in courts of a different, though paramount sovereignty. The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or

unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this Court for review if any federal question be involved, Jud. Code § 237, or to his suit at law in the federal courts if the essential elements of federal jurisdiction are present. See *Boise Water Co.* v. *Boise City*, 213 U. S. 276; *Shelton* v. *Platt*, 139 U. S. 591; *Dows* v. *Chicago*, 11 Wall. 108, 110, 112.

It may be assumed that if appellees do not pay the challenged tax, and in consequence of that omission they are subjected, as it is alleged they will be, to the civil and criminal penalties for nonpayment, the resulting injury to their business will be irreparable and can be avoided only by resort to equity to prevent the threatened wrong. But appellants insist that the appellees are under no such constraint, either to expose themselves to the penalties for failure to pay the tax, or to seek equitable relief against its collection, since each of them may pay the tax to the collecting officer under protest and, under the laws of Mississippi, may maintain a suit at law for its recovery on the ground that it was exacted in violation of the Constitution of the United States. That such a procedure saves to the taxpayer his federal right, and if available will defeat the jurisdiction of federal courts to enjoin the collection of the tax, has long been the settled rule in this Court. *Henrietta Mills* v. *Rutherford County*, 281 U. S. 121; *Arkansas Bldg. & Loan Assn.* v. *Madden*, 175 U. S. 269; *Atchison, Topeka & Santa Fe Ry.* v. *O'Connor*, 223 U. S. 280; *Shelton* v. *Platt, supra; Singer Sewing Machine Co.* v. *Benedict, supra; Allen* v. *Pullman's Palace Car Co.*, 139 U. S. 658; *Indiana Mfg. Co.* v. *Koehne*, 188 U. S. 681.

From an examination of the decisions of the highest court of the state we conclude, as the Attorney General

of the State insists, that that procedure is open to the appellees in Mississippi, if the tax is paid under protest, to avoid penalties or criminal proceedings. In *Coulson* v. *Harris*, 43 Miss. 728, the Supreme Court of Mississippi denied the jurisdiction of equity to enjoin the collection of an illegally assessed tax on the sole ground that the taxpayer might pay the tax to the collecting officer and sue at law for its recovery. In *Tuttle* v. *Everett*, 51 Miss. 27, recovery was allowed of a tax thus paid, in a suit at law brought against the collector before he had paid over the tax to the proper treasury. In *Vicksburg* v. *Butler*, 56 Miss. 72, and *Pearl River County* v. *Lacey Lumber Co.*, 124 Miss. 85; 86 So. 755, suits at law for recovery of a tax, were maintained against the city, in the first case, and the county, in the second, to which the collector had paid the taxes. But in the former the court was at pains to point out, pp. 75, 76:

"Some of the cases refer to a notice to the collector that suit will be brought to recover the money back. That notice is necessary, if the payer intends to sue the collector. After its receipt, if he pays it over to the proper treasury, he does so at his risk, and does not relieve himself from responsibility. If, however, he pays it over without such notice, suit can only be brought against his principal,—in this case the city of Vicksburg."

In *Pearl River County* v. *Lacey Lumber Co., supra,* the court said, p. 109:

" We do not think that the county can shield itself from repayment of money collected under an unconstitutional law, paid under protest, on the ground that the county had disbursed the money so collected into various taxing districts, or has expended the money which it wrongfully collected. The fact that the county might not be able to recover from the taxing districts the amount of money paid to such districts would not exempt it from liability to the taxpayer from whom it wrongfully collected it."

Such a suit, although against the collecting officer rather than the state or municipality, affords an adequate legal remedy, in the absence of allegations in the bill, which are wanting here, of special circumstances showing inability of the taxpayer to pay the tax or of the collecting officer to respond to the judgment: see *Arkansas Bldg. & Loan Assn.* v. *Madden, supra,* p. 274; *Atchison, Topeka & Santa Fe Ry.* v. *O'Connor, supra,* p. 285; *Singer Sewing Machine Co.* v. *Benedict, supra,* p. 487; and this is the rule in Mississippi; *Coulson* v. *Harris, supra,* p. 752; *Richardson* v. *Scott,* 47 Miss. 236.

Collection of the money by the collector in the name of the state, if wrongful, would not protect him. *Atchison, Topeka & Santa Fe Ry.* v. *O'Connor, supra.* The statutes, §§ 3289, 3290, Mississippi Code of 1930, which require payment over by the collector of taxes to the appropriate treasury, allow the penalties for nonpayment to be remitted on certificate of the governor or attorney general " if they are satisfied that the delay has not been wilful or avoidable by the collector," and § 3278 makes provision for the repayment to any sheriff or tax collector of taxes " by mistake or oversight erroneously paid " to the state treasurer. See *Taylor* v. *Guy,* 119 Miss. 357; 80 So. 786. These provisions would seem to contemplate suits against the collector for the recovery of the tax and to afford him some protection in the event of a judgment against him. *Atchison, Topeka & Santa Fe Ry.* v. *O'Connor, supra,* p. 287. But as no facts are presented to show that the suit against the collector in the present case will not be adequate, it is unnecessary to consider their precise scope and effect.

The suit in equity to enjoin an illegal tax, authorized by § 304 of Hemingway's Code for 1927 (§ 420, Mississippi Code of 1930), appears not to be available when there is any other adequate remedy. See *Anderson* v. *Ingersoll,* 62 Miss. 73; *Board of Supervisors* v. *Ames,*

3 So. 37. In any case, the section cannot affect the jurisdiction of federal courts of equity. The equity jurisdiction conferred on inferior courts of the United States by § 11 of the Judiciary Act of 1789, 1 Stat. 78, and continued by § 24 of the Judicial Code, is that of the English court of chancery at the time of the separation of the two countries. *Payne v. Hook,* 7 Wall. 425, 430; *In re Sawyer,* 124 U. S. 200, 209–210. While local statutes may create new rights, for the protection of which recourse may be had to the remedies afforded by federal courts of equity if the remedy at law is inadequate and the other jurisdictional requirements are present, state legislation cannot enlarge their jurisdiction by the creation of new equitable remedies, nor can it avoid or dispense with the prohibition against the maintenance of any suit in equity in the federal courts, where the legal remedy is adequate. *Henrietta Mills* v. *Rutherford County, supra,* pp. 127, 128; *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491, 500.

Appellees' bill of complaint does not state a case within the jurisdiction of equity to avoid multiplicity of suits. As to each appellee a single suit at law brought to recover the tax will determine its constitutionality and no facts are alleged showing that more than one suit will be necessary for that purpose. See *Boise Water Co.* v. *Boise City,* 213 U. S. 276, 285–286; *Dalton Adding Machine Co.* v. *State Corporation Comm.,* 236 U. S. 699, 700–701.

But it is said that since each appellee must pay the tax to avoid penalties and criminal prosecution, all must maintain suits for the recovery of the tax unconstitutionally exacted, in order to protect their federal rights, and that to avoid the necessity of the many suits, equity may draw to itself the determination of the issue necessarily involved in all the suits at law.

In general, the jurisdiction of equity to avoid multiplicity of suits at law is restricted to cases where there would otherwise be some necessity for the maintenance of

numerous suits between the same parties, involving the same issues of law or fact. It does not extend to cases where there are numerous parties plaintiff or defendant, and the issues between them and the adverse party are not necessarily identical. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *McKnight*, 244 U. S. 368, 375; *Kelley* v. *Gill*, 245 U. S. 116, 120; *Francis* v. *Flinn*, 118 U. S. 385; *Scott* v. *Donald*, 165 U. S. 107, 115; *Hale* v. *Allinson*, 188 U. S. 56, 77 *et seq.;* and see Pomeroy, Equity Jurisprudence (4th ed. 1918), §§ 251, 251½, 255, 259, 268.

While the present bill sets up that the single issue of constitutionality of the taxing statute is involved, the alleged unconstitutionality depends upon the application of the statute to each of the appellees, and its effect upon his business, which is alleged to be interstate commerce. The bill thus tenders separate issues of law and fact as to each appellee, the nature of his business and the manner and extent to which the tax imposes a burden on interstate commerce. The determination of these issues as to any one taxpayer would not determine them as to any other. There was thus a failure of such identity of parties and issues as would support the jurisdiction in equity.

*Reversed.*