**VIATOR v. STONE, Chairman of State Tax Commission et al.**

No. 11127.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1944.

Rehearing Denied Jan. 26, 1945.

Albert Sidney Johnston, Jr., of Biloxi, Miss., for appellant.

J. H. Sumrall and W. B. Fontaine, both of Jackson, Miss., for appellees.

Before HOLMES, McCORD, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by appellant against state officers to enjoin, after final hearing, the enforcement of an assessment of additional sales-taxes on the ground of the unconstitutionality of state statutes authorizing the same.

The court below dismissed the bill for the reason that the plaintiff had a plain, speedy, and adequate remedy in the state courts of Mississippi. This was not a good reason for dismissing the complaint, it being well settled that, where other jurisdictional requisites are present, there must be a plain, adequate, and complete remedy at law in the federal court in order to defeat federal equitable jurisdiction.

The contentions of appellant with reference to the unconstitutionality of the sales-

tax laws of Mississippi are vague, unsubstantial, and wholly impalpable. The complaint and exihbits cover seventy-five pages of the printed record; state statutes are set forth in detail; court decisions are cited copiously; the history of this litigation in the state courts is fully recited; but nowhere do we find any plausible constitutional issue, though one may be hidden somewhere in the profuse language of the complaint.

It is unnecessary for us to decide whether or not a substantial federal question is presented in this case, because our study of the complaint convinces us that (notwithstanding averments to the contrary) appellant has a plain, adequate, and complete remedy at law in the federal court, in that he may pay the taxes and sue in the federal court to recover the same. This was a sufficient ground to dismiss the bill for want of equitable jurisdiction.[1]

The judgment appealed from is affirmed.

---

[1] Matthews v. Rodgers, 284 U.S. 521, 524, 52 S.Ct. 217, 76 L.Ed. 447.