## LAWRENCE PRINT WORKS, Inc., et al. v. LYNCH et al., Assessors.
### No. 3983.

Circuit Court of Appeals, First Circuit.
Jan. 29, 1945.

George B. Rowlings and Tyler & Reynolds, all of Boston, Mass. (Joseph R. Kelley and Swiger, Chambers & Kelley, all of New York City, of counsel), for appellants.

James P. Kane, of Lawrence, Mass., for appellees.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

In this suit the plaintiffs, appellants, ask that the defendants, as members of the board of assessors of the City of Lawrence, Massachusetts, be required to specifically perform an agreement with the plaintiffs, alleged to have been made by the members of a previous board, to abate certain taxes for the years 1941 and 1942 upon real estate in Lawrence which the plaintiffs had negotiated to purchase and which they did purchase, allegedly in reliance upon said agreement.

The asserted jurisdiction of the District Court was based on diversity of citizenship, the amount in dispute being more than $3,000.

A motion to dismiss was filed alleging that the complaint fails to state a claim upon which relief can be granted; that the suit was prematurely brought, and that the plaintiffs, having filed an appeal from the decision of the board of assessors refusing the abatement, had not exhausted the remedies afforded them by the state law. An answer was also filed denying the existence of the agreement relied upon by the plaintiffs and setting up various other defenses. The case was heard without a jury by the District Judge who found, as a fact, that there was no contract as claimed, deeming it unnecessary to consider other defenses.

A review of the record discloses no sufficient reason for reversing the judgment of the District Court based upon its factual conclusions, and the appeal would fail if for no other reason; but we feel that we should not ignore the question, implicit in the record, as to whether the case presented is one in which a federal court in equity should exercise its discretionary power to grant the extraordinary relief asked for, even assuming the agreement as claimed.

The plaintiffs claim to have acquired the right to an abatement of taxes by virtue of an oral agreement with the assessors approved by the tax commissioner of Massachusetts. The claim was rejected and the right to abatement denied by the defendant board of assessors. It is apparent that the relief sought in this suit,—a compulsory reversal by the assessors of their action in laying taxes on the property of the plaintiffs without an abatement,—is a direct interference with the fiscal affairs of the state, which has been strongly condemned by the Supreme Court. Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 1073, 87 L.Ed. 1407.

The opinion in the Huffman case, decided in 1943, contains the following quotation from Matthews v. Rodgers, supra: "The scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it. Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States."

The practice of the federal courts in equity, of refusing to interfere with the operation of the tax machinery of a state, especially where state procedure is adequate for securing protection for the taxpayer from any illegally exacted tax, was given sanction by Congress by the Act of August 21, 1937, 50 Stat. 738, 28 U.S.C.A. § 41(1), which provides that "No district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

It is not necessary to decide whether the relief asked for here would be precisely interdicted by that language. It would appear to be within the spirit and

purpose of the statute, the passage of which emphasizes the necessity and importance of the federal courts' abstaining from interfering with the fiscal affairs of state governments.

"If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts, from which the cause may be brought to this (Supreme) Court for review if any federal question be involved." Matthews v. Rodgers, supra [284 U.S. 521, 52 S.Ct. 220]; Great Lakes Dredge & Dock Co. v. Huffman, supra.

It cannot be doubted that the plaintiffs have a plain, adequate and complete remedy at law or in equity in the state court. Indeed, they apparently had already begun to pursue their remedy at law by an appeal, authorized by the state law, from the action of the board of assessors, when this action was commenced. The equity courts of the state are open for any application for specific performance of any contract or undertaking enforceable under the principles of equity.

The complaint could properly have been dismissed by the District Court in the appropriate exercise of its discretion, and the relief asked for denied without consideration of the merits, but in view of the record the order may be that the judgment of the District Court is affirmed with costs for the defendants.

The judgment of the District Court is affirmed with costs for the defendants.