Jesse **TURNER**, Plaintiff,

v.

**CITY OF MEMPHIS**, Dobbs Houses, Inc., and W. S. Haverfield, Defendants.

Civ. A. No. 3934.

United States District Court
W. D. Tennessee, W. D.

Jan. 23, 1961.

A. W. Willis, Jr., R. B. Sugarmon, Jr., B. L. Hooks, I. H. Murphy, H. T. Lockard, Memphis, Tenn., Constance Baker Motley, Thurgood Marshall, New York City, for plaintiff.

Frank B. Gianotti, Jr., James M. Manire, Albert C. Rickey, Memphis, Tenn., for defendant, City of Memphis.

Edward P. A. Smith, Montedonico, Boone, Gilliland, Heiskell & Loch, Memphis, Tenn., for the defendant, W. S. Haverfield and Dobbs Houses, Inc.

George F. McCanless, Atty. Gen. for State of Tennessee.

Before MARTIN, Circuit Judge, BOYD and MILLER, District Judges.

PER CURIAM.

This is a suit by the plaintiff, who is a Negro residing in Memphis, Tennessee, on behalf of himself and others similarly situated, asking injunctive relief against the defendants, City of Memphis, Dobbs Houses, Inc., and the Manager of the latter concern's restaurant in the Memphis Municipal Airport.

The plaintiff seeks under Title 42 U.S.C.A., Sections 1981 and 1983, to secure certain rights, privileges and immunities guaranteed by the Constitution and laws of the United States. More particularly, the plaintiff is seeking to permanently enjoin the defendants from continuing to operate the eating and rest room facilities located in the airport aforesaid on a racially segregated basis.

Plaintiff claims that he was denied service in the main dining room of the Dobbs Houses Restaurant at the airport because of his race and color, pursuant to the policy, practice, custom and usage of the defendants.

The defendants contend that there are certain statutes and regulations of the State of Tennessee and ordinances of the City of Memphis which require that separate facilities for the Negro and White races be maintained at the Memphis

Municipal Airport. In this connection, they contend that this Court should apply the principle of abstention, thereby giving the Courts of Tennessee an opportunity to declare the rights of the plaintiff thereunder.

In Harrison v. N.A.A.C.P., 360 U.S. 167, at page 176, 79 S.Ct. 1025, 1030, 3 L.Ed.2d 1152 the United States Supreme Court, in speaking on the doctrine of abstention of federal courts to permit action by the state courts, stated: "This now well-established procedure is aimed at the avoidance of unnecessary interference by the federal courts with proper and validly administered state concerns, a course so essential to the balanced working of our federal system. To minimize the possibility of such interference a 'scrupulous regard for the rightful independence of state governments * * * should at all times actuate the federal courts,' Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447, as their 'contribution * * * in furthering the harmonious relation between state and federal authority * * *.' Railroad Comm'n. v. Pullman Co., 312 U. S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971. In the service of this doctrine, which this Court has applied in many different contexts, no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them. (Citing numerous cases). This principle does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise; it serves the policy of comity inherent in the doctrine of abstention; and it spares the federal courts of unnecessary constitutional adjudication."

Thus, in the light of the Harrison case, with its clear enunciation of the doctrine of abstention in cases of this type, we hold that the plaintiff's cause herein shall be stayed pending the prosecution of a proper declaratory judgment suit to be brought by the plaintiff in the courts of Tennessee for the purpose of obtaining an interpretation of the state statutes, regulations and city ordinances under consideration herein.