**FORD MOTOR CREDIT COMPANY,**
**Plaintiff-Appellant,**

v.

**LOUISIANA TAX COMMISSION et al.,**
**Defendants-Appellees.**

**No. 29888.**

United States Court of Appeals,
Fifth Circuit.

Feb. 22, 1971.

Peter A. Feringa, Jr., Gibbons Burke, Charles B. Johnson, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for appellant.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., John E. Jackson, Jr., Asst. Atty. Gen., William W. Ogden, Charlton B. Ogden, William R. Ary, Ogden & Ogden, New Orleans, La., William P. Schuler, Second Asst. Atty. Gen., Dorothy D. Wolbrette, Asst. Atty. Gen., New Orleans, La., for appellees.

James Fleet Howell, Shreveport, La. for Donald C. Moseley, Secretary-Treasurer of City of Shreveport, La.

Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.

GODBOLD, Circuit Judge: .

Ford Motor Credit Company brought this action against the Louisiana Tax Commission, its individual members, and local (parish and municipal) tax assessors and collectors in six parishes in Louisiana in which Ford maintains places of business and in which its property consisting of intangible credits has been assessed for ad valorem taxation.

Ford sought a declaration that the assessments are unconstitutional and asked that they be ordered permanently erased from the tax rolls of the six parishes.

Ford also alleged that a discriminatory rate had been applied in determining the tax on its intangible credits, and, consequently, it prayed for a mandatory order against the defendants compelling them to "comply with their Louisiana Constitutional and statutory duty to establish the actual cash value of all property in Louisiana for the purpose of ad valorem tax assessments, and to equalize assessments by fixing one rate of percentage of the actual cash valuation upon which state ad valorem taxes are to be paid on all real and personal property."

Defendants moved to dismiss contending, *inter alia*, that the Tax Injunction Act of 1937, 28 U.S.C. § 1341, prohibits federal courts from asserting jurisdiction of the cause, and the District Court granted the motion. Ford appealed and also began an action in Louisiana state court raising the same general issues.

In Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932), a decision rendered five years before the enactment of the Tax Injunction Act, the Supreme Court noted that federal courts assume a particular sensitivity to a "proper reluctance to interfere by injunction with their (the states') fiscal operations." 284 U.S. at 525, 52 S.Ct. at 219, 76 L.Ed. at 452. The Court in *Matthews* understood this principle to be of historical vintage, rooted in Section 16 of the Judiciary Act of 1789 where equity was told to stay its hand when the remedy at law was "plain, adequate, and complete." Carrying out this policy, § 1341 reads:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

Ford seeks such coercive and injunctive relief as to place its demand within the ambit of § 1341 [1]. Thus, unless it has no adequate state remedy, Spector Motor Service, Inc. v. O'Connor, 340 U.S. 602, 605, 71 S.Ct. 508, 510, 95 L.Ed. 573, 577 (1951), Ford must resort to the courts of Louisiana, and any federal question it may have can be pressed only on review to the United States Supreme Court from the highest tribunal in Louisiana. *See* Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300–301, 63 S.Ct. 1070, 1074, 87 L.Ed. 1407, 1412 (1943).

Ford's contention that it has no plain, speedy, and efficient remedy under Louisiana law is without merit. In Bussie v. Long, 383 F.2d 766 (5th Cir. 1967), this court held that Louisiana has a sufficiently adequate taxpayer's remedy within the contemplation of § 1341. Like Ford, plaintiff in *Bussie* alleged that the Louisiana Tax Commission failed to "comply with their Louisiana constitutional and statutory duty to establish the actual cash values of all property in Louisiana for the purpose of ad valorem tax assessments, and to equalize assessments by fixing the percentage of the actual cash valuation upon which state ad valorem taxes are to be paid," and prayed for a mandatory injunction requiring the defendants, members of the Louisiana Tax Commission, to perform these statutory and constitutional duties.

Ford urges that in its pending state court refund suit the Louisiana courts ultimately may determine that Ford lost its right to sue for refund because it

---

1. See also City of Houston v. Standard-Triumph Motor Co., 347 F.2d 194 (5th Cir. 1965), holding that even if the relief sought is merely declaratory, the federal court has no discretion to grant such relief if there are adequate state remedies available. *Compare* 6A Moore, Federal Practice, ¶ 57.18 [1].

By a supplemental complaint Ford alleged that pursuant to state procedures for testing the validity of the assessments it had deposited the taxes into court and, to prevent double payment, prayed for an injunction against the collection of the taxes, pursuant to La.R.S. 47:2000. We do not rest our decision on this prayer for injunctive relief.

failed to timely file a sworn list of its property as required by La.R.S. 47:1998. *See* Dixon v. Flournoy, 247 La. 1067, 176 So.2d 138 (1965). So far as this record reveals, such omission would be nothing more than failure by Ford to take the proper steps to avail itself of a remedy which appears plain, speedy and efficient. *Bussie, supra*, 383 F.2d at 770; Lasker Boiler and Engineering Corp. v. Hamm, 216 F.Supp. 74 (M.D.Ala.), aff'd, 328 F.2d 429 (5th Cir. 1964).

Shell Oil Co. v. Mouton, 410 F.2d 715 (5th Cir.1969), Mississippi River Fuel Corp. v. Cocreham, 382 F.2d 929 (5th Cir.), cert. denied, Mouton v. Mississippi River Fuel Corp., 390 U.S. 1014, 88 S.Ct. 1264, 20 L.Ed.2d 164 (1968) and Ott v. Mississippi Valley Barge Line Co., 336 U.S. 169, 69 S.Ct. 432, 93 L.Ed. 585 (1948), all referred to by Ford as indicative of federal jurisdiction, are not § 1341 cases.

The dismissal by the District Court was correct.

Affirmed.