**Ralph KING, Plaintiff-Appellant,**

v.

**Harvey SLOANE, Mayor, et al., Defendants-Appellees.**

No. 75–2327.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1976.

Decided Nov. 10, 1976.

William G. Lehnig, Louisville, Ky., for plaintiff-appellant.

David L. Gittleman, Louisville, Ky., for Al Meinze.

J. Bruce Miller, Louisville, Ky., for Louis J. Hollenbach, Bob Kirchdorfer and Glenn McDonald.

Donald L. Cox, Director of Law, Louisville, Ky., for Com'rs of Sinking Fund and Harvey Sloane.

Burt J. Deutsch, Louisville, Ky., Edward W. Hancock, Atty. Gen. of Ky., Frankfort, Ky., Stanley V. Benovitz, Louisville, Ky., for other defendants.

Before PHILLIPS, Chief Judge, and CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

Do federal courts have jurisdiction of an action challenging the validity of a municipal tax where the taxpayer has an adequate remedy in the State courts? District Judge Rhodes Bratcher answered this question in the negative and the taxpayer appeals. We affirm.

The voters of the City of Louisville and Jefferson County, Kentucky, overwhelmingly approved a 1974 referendum to fund a Mass Transit Authority. The funding was accomplished by an increase of two-tenths of one per cent in the local occupational license tax. The taxpayer is a citizen of Indiana who is employed in Jefferson County, Kentucky. Since January 1, 1975, he has been required to pay an additional $2.05 per month in taxes. Asserting jurisdiction under 28 U.S.C. §§ 1343(3) and 2201, the complaint seeks a declaratory judgment on the ground that the additional tax violates rights guaranteed to the taxpayer under the fifth and fourteenth amendments.

By express statutory provision, Congress in the Johnson Act has directed that federal courts shall not enjoin or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of the State. 28 U.S.C. § 1341. The taxpayer in the present case first sought an injunction but later amended his complaint to seek only a declaratory judgment.

■ The federal courts will not entertain actions for relief from State or local taxes unless federal rights are protected in no other way. *Lynch v. Household Finance Corp.*, 405 U.S. 538, 542 n. 6, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Matthews v. Rodgers*, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932); *Dows v. City of Chicago*, 78 U.S. (11 Wall.) 108, 20 L.Ed. 65 (1871). *See also Perez v. Ledesma*, 401 U.S. 82 at 126–27 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (opinion of Brennan, J.).

In *Great Lakes*, Chief Justice Stone said: [W]e are of the opinion that those considerations which have led federal courts of equity to refuse to enjoin the collection of State taxes, save in exceptional cases, *require a like restraint in the use of the declaratory judgment procedure.* 319 U.S. at 299, 63 S.Ct. at 1073. (Emphasis supplied.)

In *Wyandotte Chemicals Corp. v. City of Wyandotte*, 321 F.2d 927 (6th Cir. 1963), this court, speaking through Judge Cecil, held that the Johnson Act applies to declaratory judgments as well as to injunctions.

■ A plain, speedy and efficient remedy is available to the taxpayer in the State courts of Kentucky. *See* K.R.S. §§ 131.-345–370; 418.045–080. The taxpayer has not alleged that the courts of the Commonwealth of Kentucky are not plainly, speedily and efficiently available to him or any other taxpayer who feels aggrieved.

Instead, the taxpayer contends that the federal courts have concurrent jurisdiction with the State courts with respect to the taxes collected from him because the present suit is labeled a "civil rights" action. The District Court was clearly correct in holding that no jurisdiction is conferred by 28 U.S.C. § 1343(3). Nor does 28 U.S.C. § 2201, the Declaratory Judgment Act, confer jurisdiction. The Declaratory Judgment Act is not an independent grant of federal jurisdiction. It does not create subject matter jurisdiction where none otherwise exists. It creates a particular kind of remedy available only in actions where the District Court already has jurisdiction to entertain a suit. *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

Affirmed.