Mrs. Margaret JACKSON, and Charlene Jackson and Sandra Jackson, minors, by Mrs. Margaret Jackson, their mother, natural guardian and next friend, Appellants,

v.

Colonel William A. KUHN, individually and as Commanding Officer of the 101st Airborne Infantry Regiment, United States Army; and Major General Edwin A. Walker, individually and as Commanding Officer of the Arkansas Military District of the United States Army, Appellees.

No. 15889.

United States Court of Appeals
Eighth Circuit.

April 28, 1958.

the plaintiffs (appellants) in an action brought by them (1) to enjoin the defendants (appellees), United States Army Officers, "from in any manner policing, occupying or interfering with the property or the students of Little Rock Central High School and the Little Rock Special School District, Little Rock, Arkansas, * * * and from interfering with the operation of said school in any manner whatsoever"; and (2) for a declaration that Sections 332, 333 and 334 of Title 10 U.S.C. (1952 Ed., Supp. IV), 70A Stat. 15–16,[1] from which the defendants' authority to police the school is derived, are unconstitutional. We previously denied a motion of the plaintiffs for a summary reversal of the order appealed from. 8 Cir., 249 F.2d 209.

Kenneth Coffelt, Little Rock, Ark., for appellants.

Donald B. MacGuineas, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Osro Cobb, U. S. Atty., Washington, D. C., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., were with him on the brief), for appellees.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges,

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court dismissing, for want of jurisdiction, the complaint of

The plaintiffs' complaint was filed on October 2, 1957. It alleges that Mrs. Margaret Jackson is "a resident citizen, taxpayer and patron of the Little Rock Independent School District, embracing the attendance area of Little Rock Central High School, in Pulaski County, Arkansas"; that the school and school district are State institutions supported by State taxpayers; that the plaintiffs Charlene and Sandra Jackson are the minor children of the plaintiff Margaret Jackson and are students in the high school; that Margaret Jackson brings

1. " § 332. Use of militia and armed forces to enforce Federal authority.

"Whenever the President considers that unlawful obstructions, combinations, or assemblages, or rebellion against the authority of the United States, make it impracticable to enforce the laws of the United States in any State or Territory by the ordinary course of judicial proceedings, he may call into Federal service such of the militia of any State, and use such of the armed forces, as he considers necessary to enforce those laws or to suppress the rebellion."

"§ 333. Interference with State and Federal law.

"The President, by using the militia or the armed forces, or both, or by any other means, shall take such measures as he considers necessary to suppress, in a State, any insurrection, domestic violence, unlawful combination, or conspiracy, if it—

"(1) so hinders the execution of the laws of that State, and of the United States within the State, that any part or class of its people is deprived of a right, privilege, immunity, or protection named in the Constitution and secured by law, and the constituted authorities of that State are unable, fail, or refuse to protect that right, privilege, or immunity, or to give that protection; or

"(2) opposes or obstructs the execution of the laws of the United States or impedes the course of justice under those laws.

In any situation covered by clause (1), the State shall be considered to have denied the equal protection of the laws secured by the Constitution."

"§ 334. Proclamation to disperse.

"Whenever the President considers it necessary to use the militia, or the armed forces under this chapter, he shall, by proclamation, immediately order the insurgents to disperse and retire peaceably to their abodes within a limited time."

this action on behalf of her children and for the use and benefit of all those in said school district situated as are she and her children; that the defendants are officers of the United States Army, in command of the armed troops of the United States presently policing the high school, its grounds, property and students.

We quote the following allegations of the complaint:

"That respondents [defendants], under cloak of purported authority of executive order, wrongfully and without legal or constitutional basis, did, on or about the 24th day of September, 1957, lead and command armed combat forces of the United States Army into Little Rock, Pulaski County, Arkansas, and seize state and private property, namely Little Rock Central High School and adjacent properties thereto, and intimidate, mutilate, bayonet and bludgeon private citizens thereon; all of which were in violation of petitioners' [plaintiffs'] rights under the federal and Arkansas State Constitutions, and endangered the lives and safety of the petitioners herein; that any such purported executive authority was without legal foundation or precedent and a nullity.

"The respondents, in policing and occupying the said properties of said school district and in policing the students in Little Rock Central High School, including the children of this petitioner, are violating the liberty and the personal and the property rights of the petitioners, and all others similarly situated, guaranteed to them under the United States Constitution. They are violating such rights for the following reasons:

"(1) There are no constitutional or valid statutory provisions authorizing such actions on the part of the respondents under the United States Constitution or federal statutory law.

"(2) Such actions of the respondents violate Section 4 of Article 4 of the federal constitution, and the petitioners' rights thereunder, in that respondents are committing such acts, as hereinabove set forth, without any invitation or request to do so, either from the Governor of the State of Arkansas or the General Assembly of the state of Arkansas, nor has such been requested or directed by any federal court.

"(3) The said acts of the respondents are in direct violation of the fundamental concept of the United States Constitution that there exist three separate and distinct departments of the federal government, to-wit:

"a. Executive.

"b. Judicial.

"c. Legislative.

"(4) Such actions of respondents violate Amendment No. 10 to the United States Constitution, and petitioners' rights thereunder.

"(5) Petitioners have been advised, and therefore allege, that the respondents are acting pursuant to executive proclamation and executive order based upon Sections 332, 333 (1) (2) and 334 of the United States Code. Petitioners believe, and therefore allege, that said sections violate the provisions of the federal constitution, hereinabove set forth; and in order that the petitioners may be advised as to the correctness of their position herein, they ask for a declaratory judgment setting forth that said sections of said code are in violation of the federal constitution, particularly those provisions hereinabove set forth.

"Petitioners allege that, unless this court immediately restrains the respondents from continuing their unlawful acts as herein alleged, they will suffer and continue to suffer irreparable damages to their liberties, their persons and their property, as

they have been suffering since the commission of the said unlawful and unconstitutional acts of the respondents, as herein alleged.

"The said actions of the respondents, as herein alleged, further violate the constitutional and statutory rights of the petitioners under the Constitution of the State of Arkansas, and the laws of said state.

"Petitioners allege that a three-judge federal court should be immediately convened to hear this petition and to render proper judgment herein and to determine the rights of the parties hereto."

The prayer of the complaint (petition) reads as follows:

"Wherefore, petitioners pray:

"(1) That a three-judge court be convened immediately to hear this petition.

"(2) That upon hearing this petition, the court restrain the respondents as individuals and in their official capacity from in any manner policing, occupying or interfering with the property or the students of Little Rock Central High School and the Little Rock Special School District, Little Rock, Arkansas, or suffering same to be done, and from interfering with the operation of said school in any manner whatsoever.

"(3) That the court enter its declaratory judgment declaring Sections 332, 333 (1) (2) and 334 [of Title 10] of the United States Code [1952 Ed., Supp. IV] as being violative of the federal constitution.

"(4) That petitioners have all other relief to which they may be entitled in equity."

The District Court on October 17, 1957, filed the following order, from which this appeal is taken, and which the plaintiffs contend should be reversed:

"On October 2, 1957, the petitioners [plaintiffs] herein filed with the Clerk of this Court a Petition for Injunction and Declaratory Judgment.

"The Court, having the duty to determine its sufficiency where an extraordinary three-judge proceeding is sought and having carefully examined the petition, finds that although the petition challenges the constitutionality of three federal statutes, ·10 U.S.C.A. [10 U.S.C., 1952 Ed., Supp. IV], Sections 332, 333 and 344, it presents no substantial federal constitutional issue cognizable by a three-judge court since the Presidential power conferred by these and antecedent federal statutes enacted by the Congress pursuant to Article 1, Section 8, Clauses 15 and 16 of the Constitution of the United States, has been upheld by the Supreme Court of the United States, (Martin v. Mott, 1827, 12 Wheat. 19, 25 U.S. 12 [6 L.Ed. 537]; cf. Luther v. Borden, 1849, 7 How. 1, 43–45, 48 U.S. 1, 43–45 [12 L.Ed. 581]; see Sterling v. Constantin, 1932, 287 U.S. 378, 399 [53 S.Ct. 190, 77 L.Ed. 375]). The Court accordingly, in the absence of other jurisdictional grounds, has both the right and the duty to dismiss the petition for lack of jurisdiction. (California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 254 [58 S.Ct. 865, 82 L.Ed. 1323]).

"Pursuant to Rule 12(h) (2), Federal Rules of Civil Procedure, 28 U. S.C.A.,

"It is ordered that the Petition for Injunction and Declaratory Judgment filed by the above-named petitioners, October 2, 1957, be and it is hereby in all things dismissed for lack of jurisdiction, upon the ground that it raises no substantial federal constitutional issue."

The record on appeal consists of the plaintiffs' complaint, an amendment correcting a citation of the statutes alleged to be unconstitutional, the order of dismissal, a letter from the Judge transmitting the order, with copies for counsel, to the Clerk of the District Court, and the notice of appeal.

Jurisdiction is to be determined from the allegations of the complaint. Mosher v. City of Phoenix, 287 U.S. 29, 30, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062; Mc-Nutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135.

The defendants contend that the order appealed from must be affirmed for three reasons: (1) the matter in controversy does not exceed the sum or value of $3,000; (2) the case has become moot because the minor plaintiffs are no longer students at the Central High School; and (3) the federal constitutional questions raised by the complaint are unsubstantial.

That the lower federal courts are courts of limited jurisdiction and have only the jurisdiction that Congress has conferred upon them by statute, has become a truism. Kaufman v. Liberty Mutual Insurance Company, 3 Cir., 245 F.2d 918, 919.

Section 1331 of Title 28 U.S.C.A.— headed "Federal question; amount in controversy"—provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

That cases involving federal questions where the value of the matter in controversy does not exceed $3,000 may not be brought or maintained in, nor removed to, the federal district courts, is clearly explained in Healy v. Ratta, 292 U.S. 263, 269–270, 54 S.Ct. 700, 703, 78 L.Ed. 1248, as follows:

" * * * From the beginning suits between citizens of different states, or involving federal questions, could neither be brought in the federal courts nor removed to them, unless the value of the matter in controversy was more than a specified amount. Cases involving lesser amounts have been left to be dealt with exclusively by state courts, except that judgment of the highest court of a state adjudicating a federal right may be reviewed by this court. Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution, * * * to provide for the determination of controversies in their courts may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution. * * * See Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 67 L.Ed. 226. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, supra [284 U.S. 521] at page 525, 52 S.Ct. 217, 76 L.Ed. 447; compare Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249."

See, also, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214, and Aetna Insurance Co. v. Chicago, Rock Island & Pac. R. Co., 10 Cir., 229 F.2d 584, 586.

Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides "that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." It is the duty of a federal district court to dismiss an action whenever the court is satisfied that a controversy within its jurisdiction is not involved. Fisch v. General Motors Corporation, 6 Cir., 169 F.2d 266, 269; McNutt v. General Motors Acceptance Corp., supra, at page 182 of 298 U.S., at page 782 of 56 S.Ct.

Furthermore, a federal appellate court must in every case coming before it

for review satisfy itself of its own jurisdiction and that of the district court. In Kern v. Standard Oil Company, 8 Cir., 228 F.2d 699, 701, this Court said:

"Lack of jurisdiction of a federal trial court touching the subject matter of litigation cannot be waived by the parties or ignored by a federal appellate court, Chicago, Burlington & Quincy Railway Co. v. Willard, supra, [220 U.S. 413] at pages 419–421 of 220 U.S., at pages [460] 461–462 of 31 S.Ct. [55 L.Ed. 521], and if jurisdiction does not exist the trial court must of its own motion decline to proceed in the case. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263. If a federal district court tries a case with respect to which jurisdiction is lacking, the jurisdiction of the appellate court, on review, extends only to correcting the error of the trial court in entertaining the action. United States v. Corrick, supra, at page 440 of 298 U.S., at page 831 of 56 S.Ct. A federal appellate court, in a case under review, must satisfy itself not only of its own jurisdiction, but also of that of the district court. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Illinois Terminal R. Co. v. Friedman, supra [8 Cir.], 208 F.2d 675, 676."

See, also, Kansas-Nebraska Natural Gas Co., Inc., v. City of St. Edward, Neb., 8 Cir., 234 F.2d 436, 439.

■ It is incumbent upon a plaintiff to allege the jurisdictional facts. "He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. * * * If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." McNutt v. General Motors Acceptance Corp., supra, at page 189 of 298 U.S., at page 785 of 56 S.Ct.

In the instant case there is no allegation in the complaint that the value of the matter in controversy exceeds $3,000. No facts are stated from which it could be inferred that the right of the plaintiffs, which they seek to protect from alleged unconstitutional interference by the defendants, has any pecuniary value, or that the presence of federal troops at the school has increased the financial burdens of the plaintiffs in any way. Congress has not made the importance of a federal question the basis for federal jurisdiction, but has made the existence of a specified sum or value in controversy an essential to the maintenance of an action such as this in a federal district court.

It seems obvious to us that the plaintiffs have brought a state court action in the federal district court, which is without authority to entertain it.

We find it unnecessary to consider the question of the asserted mootness of the case or of lack of substantiality of the constitutional questions sought to be raised.

The order appealed from is affirmed.