Roger F. VORACHEK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17558.

United States Court of Appeals
Eighth Circuit.

Nov. 3, 1964.

Roger F. Vorachek, pro se.

John O. Garaas, U. S. Atty., Fargo,
N. D., made argument for appellee and
filed brief.

Before VOGEL, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This appeal is by Roger F. Vorachek, a layman appearing pro se, from final judgment dismissing his complaint against the United States. The complaint, filed August 12, 1963, reads:

"1.

"That he is a citizen of the United States; that he served in the military forces of the United States during World War II and that the department of defense and the veteran's administration of the United States for many years had confidential information relating to the plaintiff, all of which was acquired by them pursuant to law.

"2.

"That the defendant by or through one or both of such governmental agencies in violation of law and in violation of the Civil and Constitutional rights of the plaintiff disclosed such confidential information to unauthorized persons in such a manner and with the result that such confidential information came into the hands of the attorneys for the plaintiff's former wife and was used by them in the trial of the action Viola Vorachek against Roger F. Voracheck in the District Court in and for Walsh County, North Dakota, and hereby the same was made available to the public.

"3.

"That the disclosure of such confidential information caused the plaintiff great humiliation and embarrassment; caused plaintiff's children to be embarrassed and humiliated; caused plaintiff to lose the honor and respect of the community; all of which caused the plaintiff great mental anguish, all to his damage in the amount of One Million Dollars.

"4.

"That the defendant, through the internal revenue service, is attempting to collect income taxes alleged to be owing by plaintiff to defendant, but that the defendant is indebted to the plaintiff in an amount far in excess of any taxes which may be owing to the defendant.

"WHEREFORE, plaintiff demands judgment against defendant as follows:

"1. That the plaintiff have and recover of and from the defendant the sum of One Million Dollars.

"2. That the defendant be enjoined from enforcing any claim for income taxes pending determination of this action.

"3. For such other relief as may be just."

Defendant filed motion to dismiss upon the ground of failure to state a cause of action upon which relief could be granted and upon the ground of lack of jurisdiction of the court. Such motion, pursuant to local rule, was submitted on briefs filed by the parties. The motion to dismiss was sustained upon both grounds. Final judgment dismissing the complaint was entered on October 31, 1963. This timely appeal followed.

■■■■ Federal courts are courts of limited jurisdiction. The threshold question in every federal case is whether the court has jurisdiction. An appellate court must satisfy itself not only on its own jurisdiction but also that of the trial court. If jurisdiction on the part of the trial court is lacking, the jurisdiction of this court is limited to correcting the error of the trial court in entertaining jurisdiction. Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 8 Cir., 337 F.2d 24 (1964); Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699, 701.

■■ Sovereign immunity from suit exists in favor of the United States and no action lies against the United States unless legislative consent to suit has been given. Dalehite v. United States, 346

U.S. 15, 30, 73 S.Ct. 956, 97 L.Ed. 1427; Feres v. United States, 340 U.S. 135, 139, 71 S.Ct. 153, 95 L.Ed. 152.

The burden is upon the plaintiff to allege and prove that his cause of action is within the jurisdiction of the court. Federal Rule Civil Procedure 8(a), so far as here material, provides:

"A pleading which sets forth a claim for relief, whether an original claim, a counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, * * *"

See also Form 2, Appendix of Forms, Fed.R.Civ.P.

In Jackson v. Kuhn, 8 Cir., 254 F.2d 555, 560, affirming the District Court's dismissal of an action for want of jurisdiction, we said:

"It is incumbent upon a plaintiff to allege the jurisdictional facts. 'He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. * * * If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.' McNutt v. General Motors Acceptance Corp., supra, at page 189 of 298 U.S., at page 785 of 56 S.Ct."

See 2 Moore, Federal Practice § 8.07.

Upon the basis of the law above stated, the court was clearly right in concluding that the court lacked jurisdiction by reason of the failure in the complaint to set out a plain statement of the grounds upon which the court's jurisdiction depends. The complaint does not set out any statute relied upon as conferring jurisdiction or giving consent on the part of the United States to be sued. The complaint fails to point to the statute conferring jurisdiction or to any statute claimed to have been violated. The complaint fails to state the nature of the information released, the official or agency making the release, the party to whom the disclosure was made, the time thereof, or the circumstances under which it is claimed the information was provided.

No jurisdiction is established by the allegations of paragraph 4 of the complaint and the prayer based thereon asking that the Government be restrained from enforcing any claim for income tax pending the termination of this action. 26 U.S.C.A. § 7421 specifically prohibits injunctive suits to enjoin the assessment of federal taxes of the type here involved. No exceptional or extraordinary circumstances are here alleged which would warrant the court in entertaining jurisdiction in the teeth of such statute. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

What has heretofore been said is dispositive of this appeal. Inasmuch as plaintiff is a layman without counsel, we have chosen to consider contentions made in brief which are not contained in the pleadings. Plaintiff in his brief asserts jurisdiction exists under 28 U.S.C.A. § 1346(a) (2) and § 1346(b).

It is clear that no jurisdiction is conferred by § 1346(a) (2) as consent to sue under that statute is expressly limited to suits for sums not exceeding $10,000 and to cases not sounding in tort.

We are also convinced that the complaint does not allege sufficient facts to bring plaintiff within the provisions of § 1346(b). The Tort Claims Act, the statutory exceptions to its application found in 28 U.S.C.A. § 2680, and the legislative history clearly show that consent to sue for tort has not been given in all tort situations. In Dalehite v. United States, supra, the Court considers the scope of the Tort Claims Act and the § 2680(a) exception. With regard to the

exception, the Court among other things states:

"It excepts acts of discretion in the performance of governmental functions or duty 'whether or not the discretion involved be abused.' Not only agencies of government are covered but all employees exercising discretion. It is clear that the just-quoted clause as to abuse connotes both negligence and wrongful acts in the exercise of the discretion because the Act itself covers only 'negligent or wrongful act or omission of any employee', 'within the scope of his office' 'where the United States, if a private person, would be liable'. 28 U.S.C. § 1346(b), [28 U.S.C.A. § 1346(b).] The exercise of discretion could not be abused without negligence or a wrongful act. The Committee reports, note 21, [19] supra, show this. They say § 2680(a) is to preclude action for 'abuse of discretionary authority * * * whether or not negligence is alleged to have been involved.' They speak of excepting a 'remedy on account of such discretionary acts even though negligently performed and involving an abuse of discretion.' " 346 U.S. 15, 33–34, 73 S.Ct. 956, 966.

On brief, defendant states "under A.R. 345–230 information obtained from Army Medical Records will be treated in accordance with ethical principles of the medical profession." There is no allegation in the complaint that any release of information which may have taken place with respect to plaintiff's nervous breakdown was in violation of medical ethical standards. Some discretion doubtless exists with respect to the release of medical information to next of kin.

Section 2680(h) excludes among other things any claim for libel, slander or misrepresentation. It is not alleged whether or not the information which plaintiff claims was wrongfully released was truthful. It is difficult to believe that Congress intended to permit action on release of truthful information when consent to sue is not given with respect to libelous or false information.

 The trial court having correctly determined it was without jurisdiction should have dismissed the complaint upon such ground and proceeded no further. It was without jurisdiction to dismiss the complaint for failure to state a cause of action.

The judgment appealed from is modified to show the dismissal to be based solely upon the ground of want of jurisdiction and as so modified, the judgment is affirmed.