**In the Matter of Edward WILWERDING and Alma Wilwerding, Debtors.**

**C.R. HANNAN, Trustee, Plaintiff,**

**v.**

**UNITED STATES of America, By and Through the INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy Case No. 89–2125–W. Adv. No. 90–0062.**

United States Bankruptcy Court, S.D. Iowa.

April 5, 1991.

Richard D. Crotty, Council Bluffs, Iowa, for debtors.

Deborah L. Petersen, Council Bluffs, Iowa, for plaintiff C.R. Hannan, Trustee.

Roger W. Bracken, Tax Div., Office of Special Litigation, U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

## ORDER—MOTION TO DISMISS

RUSSELL J. HILL, Bankruptcy Judge.

On October 11, 1990, a hearing was held on the Defendant's motion to dismiss. The following attorneys appeared on behalf of their respective clients: Roger W. Bracken for Defendant and Deborah L. Petersen for Plaintiff. At the conclusion of the hearing, the Court took the matter under advisement upon a briefing deadline. Briefs were timely filed and the Court considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court, upon review of the pleadings, arguments of counsel and briefs submitted now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

## FINDINGS OF FACT

1. Debtors filed a voluntary Chapter 7 petition on September 28, 1989.

2. On July 7, 1989, Defendant served a notice of levy, pursuant to the provisions of 26 U.S.C. § 6331 upon Associated Milk Producers, Inc., seizing any property or rights to property belonging to the Debtors in the possession of Associated Milk Producers, Inc.

3. During the 90–day period of time immediately preceding the date on which the Debtors filed their voluntary Chapter 7 petition, Defendant collected certain funds and applied said funds against Debtors' existing, unpaid income tax liabilities for tax year 1983.

4. On March 15, 1990, Plaintiff filed a complaint for turnover of property against Defendant. Plaintiff's complaint states that the adversary proceeding is brought pursuant to 11 U.S.C. § 547(b). The complaint seeks an order requiring the Defendant to turnover to the Plaintiff the sum of $8,933.01.

5. Defendant has not filed a proof of claim in Debtors' Chapter 7 case.

## DISCUSSION

Defendant moves the Court to dismiss this adversary proceeding for lack of subject matter jurisdiction, pursuant to Fed. R.Bankr.P. 7012(b) and Fed.R.Civ.P. 12(b)(1). Defendant asserts that the Court lacks jurisdiction to hear this proceeding because Defendant is immune from suit under the doctrine of sovereign immunity.

The United States, as a sovereign, cannot be sued without its consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *Vorachek v. United States,* 337 F.2d 797, 798–799 (8th Cir.1964); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).

11 U.S.C. § 106 addresses the waiver of sovereign immunity in bankruptcy cases by "governmental units" including, federal, state, and local governments. *See 11 U.S.C. § 101(26).* 11 U.S.C. § 106 provides:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate that arose out of the same

transaction or occurrence out of which such governmental unit's claim arose.

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

(c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—

(1) a provision of title 11 that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

(2) a determination by the court of an issue arising under such a provision binds governmental units.

11 U.S.C. § 106(a) and 11 U.S.C. § 106(b) provide for a waiver of sovereign immunity only where the government has filed a proof of claim. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 317 ([1978] 5 U.S. Code Congressional and Administrative News at 5963, 6274); S.Rep. No. 95–989, *supra*, at 29–30 ([1978] 5 U.S. Code Congressional and Administrative News at 5787, 5815–5816). Defendant has not filed a claim in the instant case and the parties are in agreement that 11 U.S.C. § 106(a) and 11 U.S.C. § 106(b) are not applicable.

Defendant contends that 11 U.S.C. § 106(c) does not waive the sovereign immunity of the United States for Plaintiff's "turnover" action brought pursuant to 11 U.S.C. § 547(b). The United States Supreme Court in *Hoffman v. Connecticut Income Maintenance Dept.*, 492 U.S. 96, 109 S.Ct. 2818, 2120, 106 L.Ed.2d 76 (1989), held that Congress, by enacting 11 U.S.C. § 106(c), did not intend to abrogate governmental immunity from actions under 11 U.S.C. §§ 542(b) and 547. A plurality of the members of the Supreme Court determined that 11 U.S.C. § 106(c) restricts the type of relief to which the statute applies, because the language of subsection (c) does not contain express authorization for monetary recovery from a governmental entity. According to the plurality, the language of 11 U.S.C. § 106(c) is more indicative of declaratory or injunctive relief than of monetary recovery. Thus, a governmental entity that fails to file a proof of claim is bound by a discharge of debts in bankruptcy, including unpaid taxes. However, such governmental entity may not be subjected to money judgments. *Hoffman*, 109 S.Ct. at 2120.

*Hoffman* concerned a state governmental entity. However, according to the Eighth Circuit, the analysis is applicable to a waiver of sovereign immunity by the federal government. *Small Business Administration v. Rinehart*, 887 F.2d 165, 170 (8th Cir.1989). In *Rinehart*, the Eighth Circuit Court of Appeals states:

> While the precise question in *Hoffman* was the extent to which the state's eleventh amendment immunity had been abrogated under 11 U.S.C. § 106(c), the Court's opinion refers to the federal government as well, and its analysis is equally applicable to a waiver of sovereign immunity by the federal government.

*Id.*

This Court follows *Hoffman* and *Rinehart*, and holds that Congress has not waived immunity for actions brought under 11 U.S.C. § 547(b). The Court therefore lacks jurisdiction over the Trustee's complaint.

## ORDER

IT IS ACCORDINGLY ORDERED that this adversary proceeding is dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).