In re LEHAL REALTY ASSOCIATES,
Debtor.

John F. SCHEFFEL, as Trustee
of Lehal Realty Associates,
Plaintiff,

v.

NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,
Defendants.

Bankruptcy No. 89 B 20078.
Adv. No. 6092.

United States Bankruptcy Court,
S.D. New York.

Oct. 23, 1991.

Bigham, Englar Jones & Houston, New York City, for debtor.

Robert Abrams, Atty. Gen., New York City, for New York State Dept. of Taxation and Finance.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 trustee of the debtor, Lehal Realty Associates, has commenced an adversary proceeding against the New York State Department of Taxation and Finance ("the State") on the theory that the debtor's transfer and sale of its real property is exempt under 11 U.S.C. § 1146(c) from a ten percent tax imposed by Article 31–B, § 1441 *et seq.* of the New York tax law ("Gains Tax"). The State has denied that the transfer in question is exempt from the Gains Tax and has asserted the Eleventh Amendment doctrine of sovereign immunity as well as the defense that this court lacks subject matter jurisdiction.

## FINDINGS OF FACT

1. On February 9, 1989, an involuntary petition for reorganization under Chapter 11 of the Bankruptcy Code was filed against the debtor, a New York partnership, which owned approximately 137 acres of land in Rockland County, New York. An order for relief was entered against the debtor on May 19, 1989.

2. The United States trustee appointed the plaintiff as a Chapter 11 trustee pursuant to 11 U.S.C. § 1104, which appointment was approved by this court on August 17, 1989.

3. On October 16, 1989, the debtor's plan of reorganization was confirmed by this court. The Chapter 11 plan provided for the sale of the debtor's real estate, which sale was approved by this court on November 28, 1989.

4. Under Assessment No. A25545, dated February 2, 1989, the State assessed a Gains Tax against the debtor's transfer and sale of its real property in the amount of $646,328.85, which the debtor was required to pay in order to record the transaction. The Chapter 11 trustee paid the Gains Tax of $646,328.85 under protest by check dated February 13, 1990 at the closing of the sale.

5. On November 6, 1990, the Chapter 11 trustee completed a form supplied by the State entitled "Claim for Refund of Real Property Transfer Gains Tax." The Chapter 11 trustee maintained that the transfer and sale of the debtor's real property was exempt from the Gains Tax in accordance with 11 U.S.C. § 1146(c) because the sale

was pursuant to a confirmed Chapter 11 plan of reorganization.

6. The State denied the Chapter 11 trustee's refund claim pursuant to a letter dated May 13, 1991 on the theory that the Gains Tax is not a stamp or similar tax as expressed in 11 U.S.C. § 1146(c).

7. More than one hundred twenty days have elapsed since the Chapter 11 trustee requested a refund of the Gains Tax from the State. The amount or legality of the Gains Tax has not been contested or adjudicated by any judicial or administrative tribunal of competent jurisdiction before the commencement of the Chapter 11 case and more than one hundred twenty days have elapsed since the State denied the Chapter 11 trustee's post-petition request for a refund.

8. The State did not file a proof of claim with this court for the Gains Tax in question because the Chapter 11 trustee was required to pay the Gains Tax at the closing of the sale of the debtor's real estate.

## DISCUSSION

■ Pursuant to 11 U.S.C. § 505(a)(1), this court has authority to determine the amount or legality of the Gains Tax which the Chapter 11 trustee paid to the State. This section reads as follows:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1). The restrictions on the general applicability of 11 U.S.C. § 505(a)(1), as expressed in subsection (2) thereof, do not apply to the facts in this case. Accordingly, this court has statutory authority and jurisdiction to determine the legality of the Gains Tax imposed by the State on the sale of the debtor's real estate. However, this court has no authority to order the State to refund any portion of the Gains Tax because the State has not waived its Eleventh Amendment right of sovereign immunity by filing a proof of claim.

■ The United States Supreme Court has held that 11 U.S.C. § 106(c) does not support a state's waiver of sovereign immunity, whereas a participation in a bankruptcy case by a state through the filing of a proof of claim will constitute a waiver of sovereign immunity in accordance with 11 U.S.C. § 106(a). *Hoffman v. Connecticut Department of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). Had the State filed a proof of claim in this case, it would have waived sovereign immunity and this court would have had authority to address the Chapter 11 trustee's refund claim. *In re 995 Fifth Avenue Associates, L.P.*, 127 B.R. 533, 537 (S.D.N.Y.1991).

The Chapter 11 trustee contends that the State's sovereign immunity is not involved because the trustee is simply seeking to recover its own funds which were improperly paid to the State under protest in order to record the transfer of the real estate. This position elides the fact that the payment to the State gave the State a possessory interest in the funds and a colorable claim to them. The State's possessory interest in the funds is sufficient to invoke the doctrine of sovereign immunity in opposition to the trustee's refund claim because the State is being sued for money which the State maintains was properly assessed and collected under existing law.

■ In response to the State's affirmative defense of sovereign immunity, the Chapter 11 trustee submitted a motion seeking partial summary judgment declaring that the $646,328.85 Gains Tax which he paid to the State is exempt under 11 U.S.C. § 1146(c) and was not legally owed to the State. The motion was denied from the bench because there was a question of fact as to whether the Chapter 11 trustee voluntarily paid the Gains Tax without any demand for payment by the State.

At the trial that immediately ensued, the Chapter 11 trustee established that he paid the Gains Tax under protest in response to Assessment No. A25545, dated February 2,

1989 and that the Gains Tax was not paid voluntarily. Accordingly, the court will treat the Chapter 11 trustee's motion for partial summary judgment as an amendment of the refund relief sought in the complaint and will address the trustee's request for a determination of the legality of the Gains Tax paid, rather than as a demand for a money judgment against the State.

■ In the absence of a demand for a money judgment against a state, the issue of sovereign immunity is not implicated because 11 U.S.C. § 505(a)(1) expressly authorizes this court to "determine the amount or legality of any tax ..., whether or not previously assessed, whether or not paid, and *whether or not contested before* and adjudicated by a judicial or administrative tribunal of competent jurisdiction." 11 U.S.C. § 505(a)(1) (emphasis added). Thus, there is no requirement in 11 U.S.C. § 505(a)(1) that the debtor must first exhaust available state law or administrative remedies as a condition for obtaining a determination of the amount or legality of any tax. *Texaco, Inc. v. Louisiana Land and Exploration Co.,* 113 B.R. 924, 927–28 (M.D. La.1990). Additionally, 11 U.S.C. § 106(c), which codifies *Gwilliam v. United States (In re Gwilliam),* 519 F.2d 407 (9th Cir.1975), and *McGugin v. District Director of Internal Revenue (In re Dolard),* 519 F.2d 282 (9th Cir.1975), empowers the bankruptcy court to determine the amount and dischargeability of federal tax liabilities owed by the debtor prior to or during the bankruptcy case whether or not the governmental unit to which such taxes are owed files a proof of claim. *IRS v. Nordic Village Inc. (In re Nordic Village),* 915 F.2d 1049, 1053 (6th Cir.1990), *cert. granted,* — U.S. —, 111 S.Ct. 2823, 115 L.Ed.2d 994 (1991). *See also In re Wilwerding,* 130 B.R. 294, 296 (Bankr. S.D.Iowa 1991). The Supreme Court ruled in the *Hoffman* case that the sovereign immunity waiver in 11 U.S.C. § 106 does not waive the immunity of the states as to money judgments because 11 U.S.C. § 106 "is more indicative of declaratory and injunctive relief than of monetary recovery." *Hoffman,* 492 U.S. at 102, 109 S.Ct. at 2823. Thus, the Supreme Court in *Hoffman* concluded that 11 U.S.C. § 505(a)(1) authorizes a bankruptcy court to determine the amount or legality of any tax and issue injunctive or declaratory orders which may be binding on state governmental units as long as no monetary recovery is directed against a state. *Id.* Therefore, this court may determine the validity of the New York Gains Tax assessed against the debtor, but may not entertain the debtor's refund claim.

■ In *In re Jacoby–Bender, Inc.,* 40 B.R. 10 (Bankr.E.D.N.Y.1984), *aff'd mem.,* No. 84–1564 (E.D.N.Y. Sept. 18, 1984), *aff'd,* 758 F.2d 840 (2d Cir.1985), the bankruptcy court held that the Gains Tax was in the nature of an income tax and was not exempt under 11 U.S.C. § 1146(c) because it was levied on the gain realized by the debtor. On appeal to the Second Circuit, the State stipulated to return the Gains Tax payment. Therefore, the Second Circuit did not address this issue when it held that the New York City Real Property Transfer Tax, Admin.Code § II46–2.0 (1984), was an exempt transfer tax because it depended on the delivery of a deed. The Second Circuit held that the term "transfer" in 11 U.S.C. § 1146(c) may include a "sale" of the debtor's property. *Jacoby–Bender,* 758 F.2d at 842. The result in the *Jacoby–Bender* case was that New York State stipulated not to collect the Gains Tax from the debtor's sale of real property and New York City was not allowed to collect a City Transfer Tax from a confirmed debtor because the tax was exempt under 11 U.S.C. § 1146(c).

In the next case on this subject, *In re 995 Fifth Avenue Associates, L.P.,* 127 B.R. 533, 540 (S.D.N.Y.1991), the United States District Court for the Southern District of New York affirmed the bankruptcy court's holding in this district, which rejected the bankruptcy court's conclusion in the *Jacoby–Bender* case that the Gains Tax is an income tax. *995 Fifth Avenue,* 127 B.R. at 540. In the *995 Fifth Avenue* case, the district court in this district held that the Gains Tax was an exempt transfer tax under 11 U.S.C. § 1146(c) for three main rea-

sons. First, the tax is imposed on a single transaction without netting the figure against other transfers in the same taxable period. Second, the acquisition cost and the sales cost, which are reflected in the deeds, are the factors in determining the tax, without reference to other depreciation costs which are not adjusted. Third, the Gains Tax must be paid at the time of transfer because state law prohibits the recording of the conveyance until payment is made. N.Y. Real Prop. Law § 333, subd. 1–f (McKinney 1989). *See also* N.Y.Tax Law § 1447, subd. 1(f)(1) (McKinney 1987) (prohibiting recording of conveyance unless Gains Tax payment provisions satisfied). Thus, a subsequent good faith purchaser for valuable consideration will prevail over a purchaser from a transfer who did not pay the Gains Tax and could not record the conveyance. The district court in the *995 Fifth Avenue* case also noted that New York State issued two earlier opinions, although not binding, which took the position that the Gains Tax is a tax upon the transfer of real property because there is no netting out of net gains from other transfers in the same tax year and because the Gains Tax is triggered by the transfer of the real property and not by other incidents of ownership. Accordingly, the district court held that the Gains Tax has many of the characteristics of a stamp tax and few of the qualities of an income tax, with the result that the confirmed debtor was entitled to an exemption under 11 U.S.C. § 1146(c) as a "stamp or similar tax." *995 Fifth Avenue*, 127 B.R. at 542.

In *City of New York v. Baldwin League of Independent Schools (In re Baldwin League of Independent Schools)*, 110 B.R. 125, 126 (S.D.N.Y.1990), a mortgage recording tax was held to be a "stamp tax or similar tax" for substantially the same reasons ascribed to the Gains Tax in the *995 Fifth Avenue* case, namely because the amount was determined primarily from the consideration cited in the document, because payment was a prerequisite to recording and because the tax was imposed on a single transaction. This court accepts the district court's rulings in *In re Baldwin League of Independent Schools* and in

the *995 Fifth Avenue* case and similarly rules that the confirmed debtor in the instant case is exempt from the Gains Tax in question in accordance with 11 U.S.C. § 1146(c).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) because the Chapter 11 trustee's post-petition payment of the Gains Tax under protest occurred in the course of his administration of the estate and the instant question concerns the administration of the estate in that the debtor's sale of the real estate could not have been recorded unless the Gains Tax was paid.

2. The Chapter 11 trustee's refund claim must be dismissed in light of the State's claim of sovereign immunity under the Eleventh Amendment.

3. The Chapter 11 trustee is entitled to a determination under 11 U.S.C. § 505(a)(1) that he is exempt from the Gains Tax because the Gains Tax is a "stamp or similar tax" within the meaning of 11 U.S.C. § 1146(a).

SETTLE ORDER on notice.